Opinion issued August 15, 2002















In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00286-CV

___________


IN RE TENET HEALTHCARE, LTD. D/B/A

PARK PLAZA HOSPITAL, Relator






Original Proceeding on Petition for Writ of Mandamus






O P I N I O N


 By petition for writ of mandamus, relator, Tenet Healthcare, Ltd. d/b/a Park
Plaza Hospital (Tenet), challenges the trial court's January 4, 2002 order denying its
motion to compel arbitration between it and real party in interest, Vonessa Valyan. 
We conditionally grant the petition. (1)

Background

 Tenet hired Valyan on May 22, 2000 as a distribution clerk. During employee
orientation, Valyan was given a copy of Tenet's Employee Handbook. Valyan signed
and returned the Employee Handbook Acknowledgment Form, which contained an
arbitration agreement. The Acknowledgment Form provided as follows: 

 I acknowledge that I have received a copy of the Tenet Employee
Handbook and Standards of Conduct and that I understand that they
contain important information about the company's general personnel
policies and about my privileges and obligations as an employee. I
further understand and acknowledge that I am governed by the contents
of the Employee Handbook and Standards of Conduct and that I am
expected to read, understand, and familiarize myself with and comply
with the policies contained in them. 

 I also understand that the company may change, rescind or add to
any of the policies, benefits or practices described in the Employee
Handbook, except the employment-at-will policy and the Mutual
Agreement to Arbitrate referred to below, in its sole and absolute
discretion, with or without prior notice. I also understand that the
company will advise employees from time to time of material changes
to the policies, benefits or practices described in the Employee
Handbook.

 Furthermore, I understand, acknowledge and agree that the
Employee Handbook is not a contract of employment, that my
employment is at the mutual consent of the employee and the company. 
Therefore, I hereby acknowledge that either I or the company can
terminate my employment relationship at will, with or without cause or
notice. 

 In addition, I acknowledge that I have received a copy of the
Tenet Fair Treatment Process brochure. I hereby voluntarily agree to
use the Company's Fair Treatment Process and to submit to final and
binding arbitration any and all claims and disputes that are related in
any way to my employment or the termination of my employment with
Tenet. I understand that final and binding arbitration will be the sole
and exclusive remedy for any such claim or dispute against Tenet or its
parent, subsidiary or affiliated companies or entities, and each of its
and/or their employees, officers, directors or agents, and that, by
agreeing to use arbitration to resolve my dispute, both the Company and
I agree to forego any right we each may have had to a jury trial on
issues covered by the Fair Treatment Process. I also agree that such
arbitration will be conducted before an experienced arbitrator chosen by
me and the Company, and will be conducted under the Federal
Arbitration Act and the procedural rules of the American Arbitration
Association. ("AAA").

 I further acknowledge that in exchange for my agreement to
arbitrate, the Company also agrees to submit all claims and disputes it
may have with me to final and binding arbitration, and that the
Company further agrees that if I submit a request for binding arbitration,
my maximum out-of-pocket expenses for the arbitrator and the
administrative costs of the AAA will be an amount equal to one day's
pay (if I am an exempt employee) or eight times my hourly rate of pay
(if I am a non-exempt employee), and that the Company will pay all of
the remaining fees and administrative costs of the arbitrator and the
AAA. I further acknowledge that this mutual agreement to arbitrate may
not be modified or rescinded except by a written statement signed by
both me and the Company. 


(Emphasis added.)

 Valyan was terminated on April 17, 2001 for violating Tenet's attendance and
punctuality policy. Valyan then filed suit alleging she was terminated in retaliation
for filing a worker's compensation claim. See Tex. Lab. Code Ann. § 451.001
(Vernon Supp. 2002). Tenet filed a motion to compel arbitration and dismiss the
lawsuit, which the trial court denied on October 2, 2001.

 The October 2, 2001 order expressly denied Tenet's motion to compel
arbitration. Tenet submitted to the trial court a draft of the order, which was written
to grant Tenet's motion to compel arbitration and dismiss Valyan's suit with
prejudice. The trial court crossed out the word "granted" on Tenet's draft order,
wrote in the word "DENIED," initialed the change, and signed the order. However,
the following paragraph of the order provides that the parties "will arbitrate all of the
claims" and purported to dismiss the suit "with prejudice." Valyan subsequently filed
a "Motion for Nunc Pro Tunc Order." On January 4, 2002, after a hearing, the trial
court granted Valyan's motion and amended its original order, denying Tenet's
motion to compel arbitration with no conflicting ruling ordering the parties to
arbitration.

Nunc Pro Tunc Order

 Tenet initially argues that the trial court abused its discretion by granting a
"judgment nunc pro tunc to correct a judicial error after its plenary power expired." 
(Emphasis added.) Tenet mischaracterizes the October 2, 2001 order as a "judgment"
and the January 4, 2002 amended order as a "judgment nunc pro tunc." A dismissal
with prejudice is a final determination on the merits. Mossler v. Shields, 818 S.W.2d
752, 754 (Tex. 1991). However, a trial court may not dismiss a suit without giving
the plaintiff notice of its intent to dismiss, and failure to provide adequate notice of
the trial court's intent to dismiss requires reversal. See Tex. R. Civ. P. 165a(1); see
also Villareal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999).

 Here, no such notice was given because the trial court never intended to
dismiss Valyan's suit. The trial court, clearly intending to deny Tenet's motion to
compel arbitration, crossed out the word "granted" on Tenet's draft order, and wrote
in the word "DENIED." Neither the October 2, 2001 order nor the January 4, 2002
amended order had the effect of a final judgment. See Lehmann v. Har-con Corp.,
39 S.W.3d 191, 200 (Tex. 2001) ("The intent to finally dispose of the case must be
unequivocally expressed in the words of the order itself."). Thus, Tenet's initial
argument is without merit.

Federal Arbitration Act

 The Supreme Court of Texas has observed that, "litigants who allege
entitlement to arbitration under the Federal Arbitration Act (FAA), and in the
alternative, under the Texas General Arbitration Act (TGAA), are burdened with the
need to pursue parallel proceedings-an interlocutory appeal of the trial court's denial
under the Texas Act, and a writ of mandamus from the denial under the Federal Act." 
Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). 

 Tenet asserts that the FAA applies in this case because the arbitration
agreement involves interstate commerce and the agreement expressly provides that
arbitration will be conducted under the FAA. The trial court did not specify in its
order whether the FAA or TGAA governed the arbitration provision of the parties'
contract. Accordingly, Tenet has filed both an interlocutory appeal and a petition for
writ of mandamus. We first consider whether the FAA or the TGAA applies to the
instant dispute to determine the proper procedural disposition of the case. 

 The FAA applies to an arbitration agreement in a contract evidencing a
transaction involving "commerce." Belmont Constructors, Inc. v. Lyondell
Petrochemical Co., 896 S.W.2d 352, 355 (Tex. App.--Houston [1st Dist.] 1995, no
writ). Under the FAA, the term "commerce" is broadly construed, and whether the
agreement is covered by the FAA is determined by whether the contract relates to
interstate commerce. Id. Here, Tenet's first amended motion to compel arbitration
alleged that Park Plaza Hospital, where Valyan worked, treated patients who lived
out-of-state; received goods and services from out-of-state; received payments from
out-of-state insurance carriers; and received federal funds such as Medicaid and
Medicare. Valyan does not challenge these allegations. 

 Additionally, the arbitration agreement itself specifically refers to the FAA. 
Thus, we hold the employer/employee relationship which existed between Tenet and
Valyan related to interstate commerce, and the FAA applies to this dispute. See id.
at 356. Therefore, Tenet may seek relief by petition for writ of mandamus. Cantella
& Co., Inc. v. Goodwin, 924 S.W.2d 943, 945 (Tex. 1996); Anglin, 842 S.W.2d at
272. 

The Arbitration Agreement

 In determining whether to compel arbitration, a court must decide two issues: 
(1) whether a valid, enforceable arbitration agreement exists and, (2) if so, whether
the claims asserted fall within the scope of the agreement. In re Oakwood Mobile
Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999). A court has no discretion and must
compel arbitration if the answer to both questions is affirmative. Dalton Contractors
Inc. v. Bryan Autumn Woods, Ltd., 60 S.W.3d 351, 353 (Tex. App.--Houston [1st
Dist.] 2001, no pet.). 

At-Will Employment and Arbitration Agreement

 Valyan disputes the existence of a binding contract containing an arbitration
clause. She notes that the Acknowledgment Form provides that the Employee
Handbook is not a contract of employment, employment is at the mutual consent of
the employee and the company, and employment can be terminated at-will, with or
without cause, by either the employee or the company. Valyan further notes that the
Fair Treatment Process plan states that nothing in it shall be construed as creating an
employment contract. Essentially, Valyan asserts that because Tenet drafted the
Acknowledgment Form and the Fair Treatment Process stating that neither
constituted a contract of employment, Tenet cannot now argue that the arbitration
agreement is a contract. In support of her argument, Valyan relies on Tenet
Healthcare Ltd. v. Cooper, 960 S.W.2d 386, 388 (Tex. App.--Houston [14th Dist.]
1997, writ dism'd w.o.j.). However, we distinguish Cooper because the court (1)
specifically declined to address whether an enforceable contract existed, because no
precedent was cited necessitating such a determination, and (2) the lack of
consideration for the agreement was dispositive of the case. Id. 

 Furthermore, and contrary to Valyan's assertion, merely re-affirming that an
employment relationship is "at will" does not negate the existence of an arbitration
agreement. In re Jebbia, 26 S.W.3d 753, 757 (Tex. App.--Houston [14th Dist.]
2000, orig. proceeding). Other employer-employee agreements can be formed
without limiting either parties' ability to terminate employment at will: 

 [A]t-will employment does not preclude the formation of other contracts
between employer and employee. At-will employees may contract with
their employers on any matter except those which would limit the ability
of either employer or employee to terminate the employment at-will. 
Consideration for a promise, by either the employee or the employer in
an at-will employment, cannot be dependent on a period of continued
employment. 

Id. (quoting Light v. Centel Cellular Co. of Texas, 883 S.W.2d. 642, 644 (Tex.
1994)). Thus, otherwise enforceable agreements may emanate from at-will
employment so long as the consideration for any promise is not illusory. Light, 883
S.W.2d at 644. 

 The existence of a valid agreement is determined by the substantive contract
law of Texas. See Cooper, 960 S.W.2d at 388. Consideration is a fundamental
element of any valid contract. Copeland v. Alsobrook, 3 S.W.3d 598, 604 (Tex.
App.--San Antonio 1999, pet. denied). 

 Mutual promises to give up the right to litigate can constitute consideration
supporting an agreement to arbitrate. In re Jebbia, 26 S.W.3d at 758 ("The language
of the arbitration agreement indicates it is binding upon both parties."); see In re
Alamo Lumber Co., 23 S.W.3d 577, 579-80 (Tex. App.--San Antonio 2000,orig.
proceeding) ("Since the parties surrendered their rights to trial by jury, these mutual
promises supply valid consideration.").

 Here, the arbitration agreement provides as follows: 

 I also understand that the company may change, rescind or add to any of
the policies, benefits or practices described in the Employee Handbook,
except the employment-at-will policy and the Mutual Agreement to
Arbitrate referred to below, in its sole and absolute discretion, with or
without prior notice.


 . . . 


 I further acknowledge that in exchange for my agreement to arbitrate,
the Company also agrees to submit all claims and disputes it may have
with me to final and binding arbitration . . . . I further acknowledge that
this mutual agreement to arbitrate may not be modified or rescinded
except by a written statement signed by both me and the Company. 


(Emphasis added.)

 Tenet expressly agreed that, in exchange for Valyan's agreement to arbitrate,
it would submit all claims and disputes it had with Valyan to final and binding
arbitration. Neither the employment-at-will policy nor the Mutual Agreement to
Arbitrate could be changed by Tenet. Moreover, neither Tenet nor Valyan could
modify or rescind the arbitration agreement without the written agreement of the other
to do so. Similar to the agreements in Jebbia and Alamo Lumber Co., the language
of the parties' agreement created mutual promises by both to forego their right to a
jury trial, which could not be unilaterally rescinded by either party. 

 We hold that the arbitration agreement in this case was supported by
consideration and, therefore, the arbitration agreement is enforceable and binding on
both parties. See In re Jebbia, 26 S.W.3d at 758; see also In re Alamo Lumber Co.,
23 S.W.3d at 579-80.

Scope of Arbitration Agreement

 We next consider whether Valyan's claim for retaliatory discharge falls within
the scope of the arbitration agreement. We note that an order to arbitrate under the
FAA should not be denied unless it can be said with positive assurance that the
arbitration agreement is not susceptible of an interpretation that covers the asserted
dispute. United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574,
582-83, 80 S. Ct. 1347, 1353, (1960); Hou-Scape, Inc. v. Lloyd, 945 S.W.2d 202, 205
(Tex. App.--Houston [1st dist.] 1997, orig. proceeding). Any doubts concerning the
scope of arbitrable issues should be resolved in favor of arbitration. Hou-Scape, 945
S.W.2d at 205. Arbitration is a creature of contract, and an arbitration provision must be
interpreted under contract principles. Belmont Constructors, Inc., 896 S.W.2d at 356. 
In determining whether an arbitration provision encompasses a claim, courts focus
on the facts alleged, not the causes of action asserted. Hou-Scape, 945 S.W.2d at
205. We consider whether the facts alleged "touch matters" covered by the
underlying agreement. Id. 

 Here, Valyan "voluntarily agree[d] to use the Company's Fair Treatment
Process and to submit to final and binding arbitration any and all claims and disputes
that are related in any way to my employment or the termination of my employment
with Tenet." (Emphasis added.) The plain language of the clause explicitly 
contemplates a dispute relating to the termination of employment. 

 Thus, we hold that Valyan's worker's compensation retaliation claim lies
within the scope of the arbitration provision and is subject to arbitration.Texas General Arbitration Act and Texas Public Policy Valyan argues that the arbitration provision in this case is unenforceable
because it violates the Texas General Arbitration Act and is contrary to Texas public
policy. 

 Valyan first argues that arbitration should not be enforced because the Texas
General Arbitration Act specifically excepts claims for "worker's compensation
benefits" from arbitration. See Tex. Civ. Prac. & Rem. Code Ann. § 171.002
(Vernon Supp. 2002). Valyan asserts that her claim for retaliatory discharge is a
claim for worker's compensation benefits and it should thus be excepted from
arbitration. However, Valyan's suit against Tenet is not for denied worker's
compensation benefits, but for retaliatory discharge. She cites no authority for the
proposition that a claim for retaliatory discharge is a claim for benefits under the
Texas Workers' Compensation Act. Thus, Valyan's contention that Tenet is
attempting to arbitrate "worker's compensation benefits" is without merit. 

 Valyan next argues that Texas public policy, as manifested in the Texas
Workers' Compensation Act, prohibits the arbitration of her claim. See Tex. Lab.
Code Ann. § 406.033(e) (Vernon Supp. 2002). She claims generally that the
Legislature has shown there is a strong public policy in favor of protecting injured
workers. While this may be true, Valyan cites to no authority for the proposition that
public policy, as manifested by the Workers' Compensation Act's non-waiver
provisions regarding benefits, applies to an arbitration agreement. (2) 

 It is well-settled that federal and Texas law strongly favor arbitration. See
Cantella, 924 S.W.2d at 944. Moreover, we have noted that "there is a strong
presumption in Texas public policy favoring arbitration." Pepe Int'l Dev. Co. v. Pub
Brewing Co., 915 S.W.2d 925, 930 (Tex. App.--Houston [1st Dist] 1996, no writ). 
Valyan's argument that arbitration in this case is prohibited by Texas public policy
is without merit. Conclusion

 Because Tenet established the existence of an arbitration agreement and
demonstrated that Valyan's claims are within the scope of that agreement, we
conclude the trial court abused its discretion in denying Tenet's motion to compel
arbitration. See Oakwood Mobile Homes, 987 S.W.2d at 573. 

 A party erroneously denied the right to arbitrate under the FAA has no
adequate remedy on appeal, and mandamus relief is appropriate. See Anglin, 842
S.W.2d at 272-73. Accordingly, we conditionally grant the writ of mandamus. Tex.
R. App. P. 52.8(c). We are confident the trial court will grant Tenet's motion to
compel arbitration in accordance with this opinion, and we instruct the clerk of this
Court to issue the writ only if the trial court fails to do so. 



 Terry Jennings

 Justice


Panel consists of Justices Hedges, Jennings, and Keyes.

Publish. Tex. R. App. P. 47.


1. In a parallel proceeding, Tenet has also filed an interlocutory appeal, based on
the Texas General Arbitration Act, challenging the trial court's January 4, 2002
order denying Tenet's motion to compel arbitration. See Tex. Civ. Prac. &
Rem. Code Ann. § 171.021(a) (Vernon Supp. 2002). Because, as discussed
below, we conclude the Federal Arbitration Act applies to this case, we dismiss
Tenet's appeal for lack of jurisdiction. See Tenet Healthcare, Ltd. d/b/a Park
Plaza Hosp. v. Valyan, 01-02-00109-CV (Tex. App.--Houston [1st Dist.]
August 15, 2002, no pet. h.) (not designated for publication).
2. Valyan cites only to section 406.033(e) of the Labor Code, which provides that
a cause of action described in subsection (a) may not be waived by an
employee before the employee's injury or death. Tex. Lab. Code Ann. §
406.033(e) (Vernon Supp. 2002). Subsection (a) refers to causes of action for
personal injury or death against a non-subscriber. Id. § 406.033(a) (Vernon
Supp. 2002).