11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

David H. Gililland

Appellant

Vs.                   No.  11-03-00175-CV B
Appeal from Taylor County

Taylor Investments

Appellee

 

Taylor Investments[1]
filed suit against David H. Gililland[2]
alleging conversion, fraud, breach of fiduciary duty, and negligent
misrepresentation.  Gililland filed a
motion to stay and compel arbitration. 
On June 6, 2003, the trial court entered an order denying Gililland=s motion to stay and compel
arbitration. We conditionally grant Gililland=s
writ of mandamus.  

In 1997, Taylor Investments began discussions with
Gililland about opening accounts at Merrill Lynch.  Taylor Investments opened two working capital
management accounts (WCMA)  with Merrill
Lynch, and Gililland was the financial consultant for the accounts.  Taylor Investments alleges that Gililland
made false representations that he would personally supervise and monitor the
accounts and that the accounts would be set up so that there were no
unauthorized transactions.   An employee
of Taylor Investments began writing checks on the accounts, which Taylor
Investments alleges were unauthorized. 
Taylor Investments claims that the total of the unauthorized
transactions is $808,791.06 and that the unauthorized transactions were the
result of Gililland=s lack of
care and concern, as well as the false representations he made concerning the
accounts.  Gililland denies making the
misrepresentations alleged by Taylor Investments. 








In this consolidated mandamus proceeding and
interlocutory appeal, Gililland complains of the trial court=s order in which it denied his motion
to stay and compel arbitration.  The
Texas General Arbitration Act (Texas Act)[3]
and the Federal Arbitration Act (FAA)[4]
provide alternative procedural vehicles for relief.  In re Education Management Corporation,
Inc., 14 S.W.3d 418, 425 (Tex.App. ‑ Houston [14th Dist.] 2000, orig.
proceeding).  If the trial court=s denial of arbitration is based on the
Texas Act, the order is subject to interlocutory appeal.   TEX. CIV. PRAC. & REM. CODE ANN. ' 171.098(a) (Vernon Pamph. Supp.
2004-2005).  Relief from a denial of
arbitration under the FAA must be pursued by mandamus.  EZ Pawn Corporation v. Mancias, 934
S.W.2d 87, 91 (Tex.1996).  The trial
court did not specify whether it denied Gililland=s
motion to compel pursuant to the Texas Act or the FAA. 

Taylor Investments contends that because its cause
of action is a Texas common law tort, it 
does not involve interstate commerce and does not invoke the FAA.  Taylor Investments further contends that its
cause of action against Gililland in his individual capacity arose before the
parties entered into  the WCMA account
agreement containing the arbitration clause. 
Gililland argues that the transactions involve interstate commerce and,
therefore, the FAA is applicable. 

Taylor Investments argues that the evidence relied
upon by Gililland to invoke the FAA is not properly before the trial
court.  Gililland filed his first
affidavit on February 7, 2002, which contained the WCMA account
authorization.  At the hearing on
Gililland=s motion
to compel arbitration held on that same day, Gililland acknowledged that the
business records attached to his affidavit were not timely filed.  The trial court granted a continuance so that
the business record would be timely. 
Gililland filed his second affidavit on March 7, 2003, which contained
the WCMA account agreement.  The
affidavit states that the account agreements are true and correct copies and
that the agreement is incorporated by reference in the WCMA account
authorization forms which were previously filed with the court.  We find that the WCMA account agreements were
properly before the trial court.  








The arbitration provision in question is contained
in a WCMA account agreement between Taylor Investments and Merrill Lynch. The
FAA applies to contracts Aevidencing
a transaction involving commerce.@  9 U.S.C. '
2 (2004).  A contract Aevidences a transaction involving
commerce@ if it
involves interstate commerce.  Allied‑Bruce
Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 277-81 (1995); In re
Merrill Lynch Trust Company FSB, 123 S.W.3d 549, 553 (Tex.App. ‑ San
Antonio 2003, orig. proceeding).  ACommerce@
under the FAA is broadly construed. 
In re Tenet Healthcare, Ltd., 84 S.W.3d 760, 765 (Tex.App. ‑
Houston [1st Dist.] 2002, orig. proceeding). 
The issue is not whether the parties=
dispute affects interstate commerce, but whether their dispute concerns a
transaction that affects interstate commerce. 
In re Merrill Lynch Trust Company FSB, supra.  The FAA does not require a substantial effect
on interstate commerce; rather, it requires only that commerce be involved or
affected.   In re L & L Kempwood
Associates, L.P., 9 S.W.3d 125, 127 (Tex.1999) (orig. proceeding);  In re Merrill Lynch Trust Company FSB,
supra. 

The WCMA account agreement provided for the
purchase of securities.  The sale of
securities has been held to involve interstate commerce.  In re Whitfield, 115 S.W.3d 753, 757
(Tex.App. ‑ Beaumont 2003, orig. proceeding);   Thomas James Associates., Inc. v. Owens,
1 S.W.3d 315, 319 (Tex.App. - Dallas 1999, no pet=n).  Therefore, the FAA is applicable, and
mandamus is the appropriate remedy.    

 Mandamus
relief is available if the trial court violates a duty imposed by law or
clearly abuses its discretion, either in resolving factual issues or in
determining legal issues, when there is no adequate remedy at law.  Walker v. Packer, 827 S.W.2d 833, 839‑40
(Tex.1992).  A trial court abuses its discretion
when it does not follow guiding rules and principles and reaches an arbitrary
and unreasonable decision. Walker v. Packer, supra.

              A party
attempting to compel arbitration must first establish that the dispute in
question falls  within the scope of a
valid arbitration agreement.  J.M.
Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003);  In re Oakwood Mobile Homes, Inc., 987
S.W.2d 571, 573 (Tex.1999).  If the other
party resists arbitration, the trial court must determine whether a valid
agreement to arbitrate exists.  TEX. CIV.
PRAC. & REM.  CODE ANN. ' 171.021 (Vernon Pamph. Supp.
2004-2005).  The trial court=s determination of the arbitration
agreement=s
validity is a legal question subject to de novo review.  J.M. Davidson, Inc. v. Webster, supra;
In re Kellogg Brown & Root, 80 S.W.3d 611, 615 (Tex.App. ‑
Houston [1st Dist.] 2002, orig. proceeding). 
If the trial court finds a valid agreement, the burden shifts to the
party opposing arbitration to raise an affirmative defense to enforcing
arbitration.  J.M. Davidson, Inc. v.
Webster, supra.  








The WCMA agreement contains a provision stating
that:

[A]ll
controversies that may arise between the Customer and [Merrill Lynch],
including, but not limited to, those involving any transaction or the
construction, performance or breach of this or any other agreement between the
customer and [Merrill Lynch], whether entered into prior to, on or subsequent
to the date hereof, shall be determined by arbitration.

 

Gililland was not a signatory to the WCMA agreement;
therefore,Gililland must show that he had the right to enforce the arbitration
provision contained in the WCMA agreement. 
In re Merrill Lynch Trust Company FSB, supra.   A party that is not a signatory to an
arbitration agreement may enforce the agreement if the nonsignatory party falls
into an exception that would allow such enforcement.  Grigson v. Creative Artists Agency, L.L.C.,
210 F.3d 524 (5th Cir. 2000); In re Merrill Lynch Trust Company FSB,
supra; Mohamed v. Auto Nation USA Corp., 89 S.W.3d 830 (Tex.App. -
Houston [1st Dist.] 2002, orig. proceeding). 
Gililland contends that he may enforce the arbitration provision of the
WCMA as an agent of Merrill Lynch and based upon the theory of equitable
estoppel.  Taylor Investments argues that
the arbitration provision in theWCMA agreement is not applicable to Gililland
because its cause of action is against Gililland in his individual capacity and
because its cause of action was completed before it entered into the WCMA
agreement with Merrill Lynch.  

When the principal is bound under the terms of a
valid arbitration clause, its agents, employees, and representatives are
covered by that agreement.  Pritzker
v. Merrill Lynch, Pierce, Fenner & Smith, Inc, 7 F.3d 1110 (3rd Cir.
1993); In re Merrill Lynch Trust Company FSB, supra.  The scope of an arbitration agreement may
be extended to claims against an agent of the principal when all of the agent=s allegedly wrongful acts relate to his
behavior as an agent of the principal signatory company and when those acts
were within the scope of the claims covered by the arbitration provision for
which the principal would be liable.  In
re Merrill Lynch Trust Company FSB, supra.








Gililland is an employee of Merrill Lynch.  Taylor Investments argues that its claims
against Gililland are an Aindependent
tort@ that
have nothing to do with the WCMA agreements. 
However, in its complaint, Taylor Investments alleges not only false
representations by Gililland to obtain Taylor Investments= business but also factual allegations
of mishandling the accounts established pursuant to the WCMA agreements.  See In re First Merit Bank, N.A., 52
S.W.3d 749 (Tex.2001).  Gililland=s allegedly wrongful acts relate to his
behavior in obtaining Taylor Investments=  business for Merrill Lynch and then, once the
business was obtained, in managing the accounts. Taylor Investments= claims against Gililland relate to his
behavior as an agent of Merrill Lynch; therefore, Gililland may enforce the
arbitration provision contained in the WCMA agreement.  

Having determined that Gililland established an
enforceable arbitration agreement, we must now determine if the claims raised
fall within the scope of that agreement. 
In re Oakwood Mobile Homes, Inc., supra.  Texas courts favor arbitration agreements.  Jack B. Anglin Co., Inc. v. Tipps, 842
S.W.2d 266, 268 (Tex.1992).  Accordingly,
any doubts regarding the scope of an arbitration agreement are resolved in
favor of arbitration.  Cantella &
Co., Inc. v. Goodwin, 924 S.W.2d 943, 944 (Tex.1996).

The arbitration provision covers Aall controversies@ involving the construction of the
agreement and any transactions.  Taylor
Investments= claims
concern Gililland=s actions
in securing their business which led to the creation of the accounts and the
WCMA agreement and Gililland=s
behavior in managing the accounts.  These
claims fall within the scope of the agreement. 


Taylor Investments complains that the arbitration
agreement is not enforceable because the WCMA agreement contains a paragraph
stating that Merrill Lynch and any third parties to the WCMA agreement Amake no representations, warranties or
guarantees, express or implied, with respect to the WCMA Service or any
services provided in accordance therewith.@  Taylor Investments contends that this provision
excludes the complaints raised by Taylor Investments from coverage of the
agreement.  The paragraph seeks to limit
Merrill Lynch=s
liability, but it does not exclude any controversies that do arise from the arbitration
provision.  

Taylor Investments further argues that, because
the entire WCMA agreement is illusory, the arbitration provision is
unenforceable.  The WCMA agreement
contains a paragraph by which it is agreed that Merrill Lynch shall have the
right to amend the WCMA agreement by modifying or rescinding its existing
provisions or by providing new provisions. 
The provision requires that Merrill Lynch provide 30 days notice before
any amendment is effective. 








In construing a written contract, the primary
concern of the court is to ascertain the true intentions of the parties as
expressed in the instrument.  J.M.
Davidson, Inc. v. Webster, supra; 
R & P Enterprises. v. LaGuarta, Gavrel & Kirk, Inc., 596
S.W.2d 517, 518 (Tex.1980). We must examine and consider the entire writing in
an effort to harmonize and give effect to all the provisions of the contract so
that none will be rendered meaningless.  J.M.
Davidson, Inc. v. Webster, supra at 229.  No single provision taken alone will be given
controlling effect;  rather, all the
provisions must be considered with reference to the whole instrument.  J.M. Davidson, Inc. v. Webster, supra.

The paragraph containing the provision allowing
Merrill Lynch to amend the agreement also provides that other ADocuments@
related to the WCMA account have been provided to Taylor Investments and that
such ADocuments@ are incorporated into the WCMA
agreement.   The paragraph allows Merrill
Lynch to amend the ADocuments.@ 
The paragraph provides that the ADocuments@ may be amended as provided in the
language of which Taylor Investments complains. 
            Reviewing the agreement
as a whole, it does not appear that the provision is intended to allow Merrill
Lynch to unilaterally amend the arbitration agreement.  See J.M. Davidson, Inc. v. Webster, supra.
 Moreover, the next paragraph in the
WCMA agreement provides that:

If
any provisions of this WCMA Agreement are held to be invalid, illegal, void or
unenforceable by reason of any law...all other provisions of this WCMA
Agreement shall nevertheless remain in full force and effect.

 

We find that the paragraph that allows  Merrill Lynch to amend the WCMA agreement
does not render the arbitration agreement unenforceable.  

Because Taylor Investments=
claims fall within the scope of a valid arbitration agreement, the trial court
erred in denying Gililland=s
motion to compel arbitration.  Therefore,
we conditionally grant the petition for writ of mandamus.

We conditionally grant the writ of mandamus and
direct the trial court to vacate its order denying Gililland=s motion to compel arbitration.  Writ will issue only if the trial court does
not comply.  The interlocutory appeal is
dismissed as moot.

 

JIM R. WRIGHT

JUSTICE

September 23, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Taylor Investments is a Texas general partnership
composed of James D. Taylor, Bobbie Taylor, Lois L. Taylor, individually and as
executor of the estate of Joe A. Taylor. 






[2]Gililland is the resident manager of the Abilene, Texas
office of Merrill Lynch, Pierce, Fenner & Smith. 





[3]TEX.CIV. PRAC. & REM. CODE ANN. '' 171.001 et seq. (Vernon Pamph. Supp. 2004-2005).





[4]9 U.S.C. '' 1
et seq. (2004).