Opinion issued December 8, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00224-CV




DAVID J. KROUPA, D.C., Appellant

V.

ERNEST CASEY, Appellee




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2003-46191




* * *
__________

NO. 01-05-00376-CV
__________
IN RE DAVID J. KROUPA, D.C., RELATOR




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION 

          In dual proceedings, appellant-relator, David J. Kroupa, D.C. (“Kroupa”),
challenges the trial court’s order that denied his motion to compel arbitration against
appellee-real party in interest, Ernest Casey (“Casey”).


 In one issue, Kroupa
contends that the trial court erroneously denied his motion to compel arbitration. We
dismiss the interlocutory appeal for want of jurisdiction and conditionally grant the
petition for writ of mandamus.
Background
          In early 2003, Casey received chiropractic treatment from Kroupa at Kroupa’s
office in Houston. On August 20, 2003, Casey sued Kroupa, alleging that Kroupa
had been negligent and grossly negligent by (1) failing to properly evaluate Casey;
(2) failing to take X-rays before treatment; and (3) giving improper chiropractic
manipulation. Kroupa responded by filing an original answer and a motion to compel
arbitration. On September 1, 2004, Kroupa filed his first amended motion to compel
arbitration, seeking arbitration pursuant to both the Federal Arbitration Act (“FAA”)
and the Texas Arbitration Act (“TAA”). On January 6, 2005, the trial court denied
Kroupa’s first amended motion to compel arbitration. After Kroupa filed a motion
for reconsideration of the trial court’s order, the trial court held a second hearing,
during which the court expressed concern with sending a medical malpractice case
to arbitration. On February 17, 2005, the trial court signed a second order that denied
Kroupa’s Motion for Reconsideration of Amended Motion to Compel Arbitration. 
We stayed all trial proceedings on April 26, 2005. Kroupa now challenges the trial
court’s order via an interlocutory appeal and a petition for writ of mandamus.
Appeal
          The TAA and the FAA provide alternative procedural vehicles for relief. In
re Educ. Mgmt. Corp., 14 S.W.3d 418, 425 (Tex. App.—Houston [14th Dist.] 2000,
orig. proceeding). If the trial court’s denial of arbitration is based on the TAA, the
order is subject to interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. §
171.098(a)(1) (Vernon 2005). Relief from a denial of arbitration under the FAA must
be pursued by mandamus. EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex.
1996) (orig. proceeding).
          The trial court did not expressly determine whether the FAA or the TAA
applies. See 9 U.S.C. §§ 1-16 (2000); Tex. Civ. Prac. & Rem. Code Ann. §§
171.001-.098 (Vernon 2005). However, the parties’ contract provides that “any
dispute as to medical malpractice . . . will be determined by submission to arbitration
as provided by state and federal law,” and the Supreme Court of Texas and this Court
have both approved application of the FAA when a contract “relates to” interstate
commerce and the parties agree that federal law applies. See In re Firstmerit Bank,
N.A., 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding); see also In re Tenet
Healthcare, LTD, 84 S.W.3d 760, 765 (Tex. App.—Houston [1st Dist.] 2002, orig.
proceeding). As a threshold matter, we first determine which act applies.
          The FAA governs a written arbitration clause in any contract “evidencing a
transaction involving commerce.” See 9 U.S.C. § 2. This provision extends to all
transactions affecting commerce and is coextensive with the reach of the Commerce
Clause of the United States Constitution. Allied-Bruce Terminix Co. v. Dobson, 513
U.S. 265, 277, 115 S. Ct. 834, 838–43 (1995); see In re L & L Kempwood Assocs., 9
S.W.3d 125, 127 (Tex. 1999) (orig. proceeding). A contract “evidenc[es] a
transaction involving commerce” if it in fact turns out to involve interstate commerce. 
Allied-Bruce, 513 U.S. at 277–81, 115 S. Ct. at 841–43.
          The FAA displaces state law only to the extent that the state law conflicts with
the FAA’s purpose of enforcing the parties’ contractual obligation to arbitrate. Volt
Info. Sciences, Inc. v. Bd. of Trustees, 489 U.S. 468, 477–78, 109 S. Ct. 1248, 1255
(1989); In re H.E. Butt Grocery Co., 17 S.W.3d 360, 378 (Tex. App.—Houston [14th
Dist.] 2000, orig. proceeding). Thus, if the arbitration clause is enforceable under the
FAA, an analysis of enforceability under the TAA is unnecessary. See In re Anaheim
Angels Baseball Club, Inc., 993 S.W.2d 875, 877 n.1 (Tex. App.—El Paso 1999, orig.
proceeding [mand. denied]). In deciding whether to compel arbitration, the trial court
is entitled to rely on affidavits, pleadings, discovery, and stipulations. Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding).
          Attached to his motion to compel arbitration, Kroupa included an affidavit
discussing how his transaction with Casey affected interstate commerce. Kroupa
states that every aspect of his practice depends on transactions that he has had with
companies outside of Texas. He states that he uses various types of communications
with companies outside Texas, including telephone calls, interstate fax transmission,
United States Mail, and the Internet. He states that 90% of his patients pay for their
treatments through insurance and that most of the insurance companies are located
outside of Texas. All of his insurance bills are submitted via the Internet through a
company located in Nebraska. To operate his company, Kroupa had to obtain
malpractice insurance from a company located in California. In the course of treating
Casey, Kroupa used an adjusting table, a hand massager, an interferential current
machine, and a hydroculator purchased outside of Texas. In addition, when Casey
first came to Kroupa’s office, Casey represented that he would be paying through
Medicare. Kroupa states that based on Casey’s representation, he accepted Casey as
a patient. Dr. Kroupa submitted Casey’s bill for payment through Medicare.
          Casey, on the other hand, argues that interstate commerce is not affected. In
an affidavit attached to his response to Kroupa’s motion to compel arbitration, Casey
stated the following:
All chiropractic services provided by Dr. Kroupa to the [sic] me
were provided at the [sic] Dr. Kroupa’s office in Katy, Texas. I
did not cross any state lines in order to obtain the chiropractic
services. I first became aware of the [sic] Dr. Kroupa’s
chiropractic services by noticing the sign in the shopping center
where his office was located. Billing for the services provided
were made and prepared at the [sic] Dr. Kroupa’s office. I would
be handed a bill when the treatment was finished and before I left. 
No interstate mail or phone calls were made between Dr. Kroupa
and me. 

          In considering the evidence that Kroupa presented to the trial court on the
transaction’s affect on interstate commerce, we acknowledge that the term
“commerce” is broadly construed. See In re Nexion Health at Humble, Inc., 173
S.W.3d 67, 69 (Tex. 2005) (orig. proceeding) (per curiam); In re L & L Kempwood
Assocs., 9 S.W.3d at 127; In re Tenet Healthcare, 84 S.W.3d at 765. 
          The underlying proceedings in this case involve negligence in providing
medical services to a client. Kroupa produced evidence that he uses equipment,
material, and services acquired from out of state, including equipment purchased from
out of state in his delivery of healthcare services to Casey; makes out-of-state
transactions through interstate forms of communication; receives most of his
insurance payments from out of state; receives Medicare payments from out of state,
and accepted Casey as a Medicare patient; and acquired his malpractice insurance
from out of state. Casey does not dispute these allegations.
          Kroupa contends that a number of Texas cases support his claim that the
activities he described establish the substantial effect of his practice on interstate
commerce necessary to bring this suit within the scope of the FAA. We agree. See
In re Nexion Health, 173 S.W.3d at 69 (holding that Medicare payments paid to
relator were sufficient to establish interstate commerce and the FAA’s application);
In re Firstmerit Bank, N.A., 52 S.W.3d at 754 (holding that installment contract for
sale of mobile home related to interstate commerce and was subject to FAA; secured
lender and its servicing agent were corporations in another sate and received
payments there and arbitration addendum stated loan involved Interstate Commerce
Clause and was governed by FAA); In re Tenet Healthcare, 84 S.W.3d at 765
(concluding that FAA applied when relator hospital treated patients who lived out-of-state, received goods and services from out-of-state, received payments from out-of-state insurance carriers, received Medicaid and Medicare payments, and agreement
specifically referred to FAA); BWI Cos. v. Beck, 910 S.W.2d 620, 622–23 (Tex.
App.—Austin 1995, orig. proceeding) (holding that arbitration agreement between
employer and employee involved interstate commerce, even though employee worked
and made deliveries only in Texas, because employer had facilities in Texas and other
states); Palm Harbor Homes, Inc. v. McCoy, 944 S.W.2d 716, 720 (Tex. App.—Fort
Worth 1997, orig. proceeding) (holding that FAA applied because, inter alia,
manufactured homes contained components that were bought and shipped from
fourteen other states and countries and housing bond was issued by out-of-state
insurance company); Lost Creek Mun. Util. Dist. v. Travis Indus. Painters, Inc., 827
S.W.2d 103, 105 (Tex. App.—Austin 1992, writ denied) (holding that arbitration
agreement between Texas residents, concerning work performed in Texas, involved
interstate commerce because paint and epoxy were manufactured outside Texas, and
contractor’s performance bond was issued by nonresident surety company). Thus, we
conclude that the transaction between Kroupa and Casey affected interstate commerce
and that the FAA applies.
          Because the FAA applies, mandamus, and not interlocutory appeal, is the
procedural vehicle for the relief that Kroupa requests. We dismiss Kroupa’s
interlocutory appeal and consider the merits of his petition for writ of mandamus.
                                                         Mandamus
          Standard of Review
          Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or the violation of a legal duty when there is no adequate remedy
at law. In re Masonite Corp., 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). 
When a trial court erroneously grants a party’s motion to compel arbitration, the
movant has no adequate remedy at law and is entitled to a writ of mandamus. See In
re Am. Homestar, Inc., 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding). We
review the trial court’s order for abuse of discretion. Jack B. Anglin, 842 S.W.2d at
271; Trico Marine Servs., Inc. v. Stewart & Stevenson Technical Servs. Inc., 73
S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (combined appeal
& orig. proceeding). A trial court abuses its discretion when it errs in determining
what the law is or in applying the law to the facts. In re Bruce Terminix Co., 988
S.W.2d 702, 703 (Tex. 1998); Trico Marine Servs., 73 S.W.3d at 548. The trial
court’s order does not state its grounds for denying Kroupa’s motion to compel
arbitration. Thus, we review the grounds stated in Kroupa’s motion and reverse the
trial court’s order if any of the grounds are meritorious. See In re H.E. Butt Grocery,
17 S.W.3d at 367.
          Agreement to Arbitrate
          In his mandamus petition, Kroupa argues that the trial court erred in denying
his motion to compel arbitration because he submitted an agreement to arbitrate and
because Casey’s claims were within the scope of their agreement.
          Whether an enforceable agreement to arbitrate exists is a legal question subject
to de novo review. In re Kellogg Brown & Root, 80 S.W.3d 611, 615 (Tex.
App.—Houston [1st Dist.] 2002, orig. proceeding). Although an arbitration
agreement need not assume any particular form, the language of the agreement must
clearly indicate the intent to arbitrate. See Massey v. Galvan, 822 S.W.2d 309, 316
(Tex. App.—Houston [14th Dist.] 1992, writ denied). Without an agreement to
arbitrate, arbitration cannot be compelled. Freis v. Canales, 877 S.W.2d 283, 284
(Tex. 1994) (orig. proceeding).
          Under both the TAA and the FAA, a party seeking to compel arbitration has
the initial burden to establish the arbitration agreement’s existence and to show that
the claims asserted fall within the agreement’s scope. See Tex. Civ. Prac. & Rem.
Code Ann. § 171.021(a) (Vernon 2005); In re Kellogg Brown & Root, 80 S.W.3d at
615. If the party seeking arbitration carries its initial burden, the burden then shifts
to the party resisting arbitration to present evidence on its defenses to the arbitration
agreement. See J.M. Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003)
(orig. proceeding); Mohamed v. Auto Nation USA Corp., 89 S.W.3d 830, 835 (Tex.
App.—Houston [1st Dist.] 2002, orig. proceeding). 
          In its motion to compel arbitration, Kroupa relied on the following clause to
show the parties’ intent to arbitrate:
Agreement to Arbitrate: It is understood that any dispute as to
medical malpractice that is as to whether any medical services
rendered under this contract were unnecessary or unauthorized or
were improperly, negligently, or incompetently rendered, will be
determined by submission to arbitration as provided by state and
federal law, and not by a lawsuit or resort to court process except
as state and federal law provides for judicial review of arbitration
proceedings. Both parties to this contract by entering into it, are
giving up their constitutional right to have any such dispute
decided in a court of law before a jury and instead are accepting
the use of arbitration. 

          Further, the agreement encompasses a broad range of disputes:
All claims must be Arbitrated. It is also understood that any
dispute that does not relate to medical malpractice including
disputes as to whether or not a dispute is subject to arbitration,
will also be determined by submission to binding arbitration. 

          At the bottom of the agreement is the statement:
NOTICE: BY SIGNING THIS CONTRACT YOU ARE
AGREEING TO HAVE ANY ISSUE OF MEDICAL
MALPRACTICE DECIDED BY NEUTRAL ARBITRATION
AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR
COURT TRIAL. 

          Casey’s name appears at the top of the document, and his signature is on the
bottom of the document.
          In his response to Kroupa’s petition for writ of mandamus, Casey neither
disputes that this clause mandates arbitration nor disputes that his claims are within
the scope of this clause. After reviewing the arbitration agreement, we conclude that
Kroupa has presented a valid enforceable arbitration agreement and that Casey’s
claims are within the scope of the agreement. Once a party seeking to compel
arbitration establishes that an agreement exists under the FAA and that the claims
raised are within the agreement’s scope, the trial court has no discretion but to compel
arbitration and stay its proceedings pending arbitration. Cantella & Co. v. Goodwin,
924 S.W.2d 943, 944 (Tex. 1996) (orig. proceeding). Accordingly, the trial court
erred by denying Kroupa’s motion to compel arbitration pursuant to the FAA. 
 
 
 
Conclusion
          We conclude that the trial court improperly denied Kroupa’s motion to compel
arbitration. A party who is erroneously denied the right to arbitrate under the FAA
has no adequate remedy at law, and mandamus relief is appropriate. Id. at 945. Thus,
we conditionally grant the writ of mandamus in cause no. 01–05–00376–CV and
direct the trial court to order that Casey’s claims proceed to arbitration under the
FAA. We dismiss the appeal in cause no. 01–05–00224–CV for want of jurisdiction.
We withdraw our April 26, 2005 order that stayed all proceedings in the trial court. 

 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.