In re L & L KEMPWOOD
ASSOCIATES, L.P.,
Relator.

L & L Kempwood Associates,
L.P., Petitioner,

v.

Omega Builders, Inc., Respondent.

Nos. 98–0916, 98–0917.

Supreme Court of Texas.

Dec. 2, 1999.

C. Henry Kollenberg, Kimberly R. Stamp, Houston, Gary Henrichson, Edinburg, for Relator in No. 98–0916.

C. Henry Kollenberg, Houston, Gary Henrichson, Edinburg, for Petitoner in No. 98–0917.

Keith C. Livesay, Pharr, Bobby R. Garcia, McAllen, for Respondent.

PER CURIAM.

In this original proceeding, relator complains of the district court's refusal to compel arbitration under the Federal Arbitration Act.[1] We conditionally grant relief.

Omega Builders, Inc. contracted to renovate some Houston apartments owned by L & L Kempwood, L.P. for a total price of over $1.3 million. The project was to be managed by HDH Partnership, Inc. Omega is a Texas corporation with offices in McAllen; Kempwood is a New York limited partnership with offices in Georgia; and HDH is a Georgia corporation, also with offices in Georgia. The agreement between Omega and Kempwood called for arbitration of "any controversy or claim arising out of or related to the contract, or the breach thereof" (with some exceptions not relevant here). While the work was ongoing, Kempwood failed to pay one of Omega's draw requests, and invoking the terms of the contract, Omega ceased work. Kempwood then purported to terminate the contract and excluded Omega from the worksite.

A few days later Omega sued Kempwood and others for breach of contract and other claims. Kempwood filed a demand for arbitration with the American Arbitration Association in Houston and sent notice to Omega's registered agent but did not notify Omega or its litigation counsel directly. Kempwood also moved the district court to abate proceedings and compel arbitration, referring in its motion to its demand filed with the AAA. Omega moved to stay arbitration, arguing in part that Kempwood had not given it proper notice of the demand for arbitration. After a hearing, the district court granted Omega's motion and ordered that the arbitration proceeding be stayed and that all issues in dispute be determined in the civil action. The arbitration was then dismissed without prejudice to reinitiation.

Kempwood sought review of the district court's order by interlocutory appeal under the Texas Arbitration Act[2] and by mandamus under the Federal Arbitration Act.[3] The court of appeals consolidated the proceedings.[4] It denied mandamus relief, holding that the federal statute was inapplicable because Kempwood had not shown a substantial effect on interstate commerce.[5] The court of appeals acknowledged that the United States Supreme Court held in *Allied–Bruce Terminix Co. v. Dobson*[6] that commerce need only be involved or affected under the terms of the Federal Arbitration Act. But the court of appeals held that the Supreme Court limited *Allied–Bruce* by its decision some three months later in *United States v. Lopez,* which held that enactment of a statute prohibiting possession of a firearm in a school zone exceeded Congress' power to regulate interstate commerce.[7] The court of appeals acknowledged that its conclusion was contrary to all other court decisions that had considered the issue. The court of appeals then held that the sufficiency of Kempwood's notice of arbitration was not an arbitrable issue under the Texas statute, even though it would be under the federal statute.[8]

Kempwood filed a petition for review and a petition for writ of mandamus in this Court raising, respectively, arguments under the state and federal statutes. Omega contends that both petitions have been mooted by the AAA's dismissal of the arbitration proceeding initiated by Kempwood.

---

**1.** 9 U.S.C. §§ 1–16 (1994).

**2.** *See* TEX. CIV. PRAC. & REM.CODE § 171.098(a)(2).

**3.** *See Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992).

**4.** 972 S.W.2d 819, 821.

**5.** *Id.* at 822.

**6.** 513 U.S. 265, 268, 274, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).

**7.** 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

**8.** 972 S.W.2d at 823–825.

But the district court's order not only stayed the arbitration proceeding, it directed that all disputed issues be determined in the civil action.[9] Whether this part of the order that remains in effect was an abuse of discretion by the district court remains a live controversy.

■ Kempwood argues that *Lopez* did not restrict *Allied–Bruce*. We agree. The Supreme Court held in *Allied–Bruce* that the provision of the Federal Arbitration Act that "makes enforceable a written arbitration provision in 'a contract evidencing a transaction involving commerce'"[10] extends to any contract affecting commerce, as far as the Commerce Clause of the United States Constitution will reach.[11] In *Lopez*, the Court held that a federal statute making it a crime to possess a firearm in a school zone was outside Congress's power to regulate commerce when the statute "neither regulate[d] a commercial activity nor contain[ed] a requirement that the possession be connected in any way to interstate commerce."[12] *Lopez*, decided April 26, 1995, did not cite *Allied–Bruce*, decided January 18, 1995, or suggest in any way that it had changed its view of Congress's commerce power over economic activities. *Lopez* did not restrict the scope of the Federal Arbitration Act as construed in *Allied–Bruce*. The other

courts to consider this issue of which we are aware have reached the same conclusion.[13]

■ The contract in *Allied–Bruce* evidenced a transaction involving interstate commerce in part because the parties resided in different states. The parties to the contract in the instant case also reside in different states—Georgia and Texas— and the renovation work on Houston apartments was to be done by a Texas business for Georgia owners. The contract here thus involves interstate commerce.[14]

Omega argues that Kempwood failed to assert the Federal Arbitration Act in response to Omega's motion to stay arbitration, but Kempwood cited the federal statute in its motion to compel arbitration. Omega's argument that Kempwood did not invoke the federal statute has no merit.

■ Omega also argues that by contracting to be governed by "the law of the place where the Project is located", they intended that only the Texas Arbitration Act apply and not the Federal Arbitration Act. But Houston, where the apartment renovation project was located, is subject to federal law as well as Texas law.[15] The choice-of-law provision did not specifically exclude the application of federal law,[16]

**9.** *See* TEX. CIV. PRAC. REM.CODE § 171.023 ("A court may stay an arbitration *commenced or threatened* on application and a showing that there is not an agreement to arbitrate." (emphasis added)).

**10.** 513 U.S. at 268, 115 S.Ct. 834.

**11.** *Id.* at 273–277, 115 S.Ct. 834.

**12.** 514 U.S. at 551, 115 S.Ct. 1624.

**13.** *Palm Harbor Homes, Inc. v. McCoy,* 944 S.W.2d 716, 719–720 (Tex.App.—Fort Worth 1997, no pet. h.); *Hurst v. Tony Moore Imports, Inc.,* 699 So.2d 1249, 1255 (Ala.1997).

**14.** *See Capital Income Properties v. Blackmon,* 843 S.W.2d 22, 23 (Tex.1992) (per curiam) ("The undisputed facts of this case establish the applicability of the Federal [Arbitration] Act: citizens from a number of different states

have purchased interests from a business entity in one state for the purpose of carrying out a commercial venture in another state.").

**15.** *Id.* (stating that "[t]he Federal [Arbitration] Act is part of the substantive law of Texas").

**16.** *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 59–60, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (the choice-of-law provision, if read in isolation, may reasonably be read as merely a substitute for the conflict-of laws analysis that otherwise would determine what law to apply to disputes); *Porter Hayden Co. v. Century Indem. Co.,* 136 F.3d 380, 383 n. 5 (4th Cir.1998) (stating in connection with a similar provision that "this may well be the best reading of the provision, since choice-of-law provisions typically embody the parties' choice of one state's laws over another's, rather than express a preference between federal and state law"). *See also UHC Management*

and absent such an exclusion we decline to read the choice-of-law clause as having such an effect.[17]

■ Finally, Omega argues that Kempwood lost any right it had to arbitration by failing to give Omega proper notice of the institution of arbitration proceedings. Specifically, Omega argues that Kempwood sent notice to a business office of Omega rather than to its attorney in the litigation. The agreement between Omega and Kempwood does not require notice to a party's litigation attorney but states only: "Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association." Kempwood satisfied this requirement by delivering notice of its demand for arbitration to Omega. Moreover, although the agreement does not require notice to Omega's attorney, he received notice when Kempwood stated in its motion to compel arbitration that arbitration had been initiated, giving the claim number assigned by the American Arbitration Association.

■ A party denied the right to arbitrate under the Federal Arbitration Act by a state court has no adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse of discretion.[18] Because we conclude that the district court clearly abused its discretion in ordering that the parties' disputes here be resolved by litigation and not by arbitration, without hearing oral argument, we conditionally grant mandamus relief. The district court is directed to vacate its order denying arbitration and to issue an order compelling arbitration. We are confident that the court will comply promptly; the writ will issue only if that confidence proves misplaced.

Inasmuch as Kempwood has obtained full relief by its petition for mandamus, its petition for review has been this day dismissed as moot.

Co. v. Computer Sciences Corp., 148 F.3d 992, 996 (8th Cir.1998); Wolsey, Ltd. v. Foodmaker, Inc., 144 F.3d 1205, 1211 (9th Cir.1998); Ferro Corp. v. Garrison Indus., Inc., 142 F.3d 926, 934 (6th Cir.1998); PaineWebber Inc. v. Elahi, 87 F.3d 589, 593 (1st Cir.1996).

17. Cf. Mastrobuono, 514 U.S. at 59–64, 115 S.Ct. 1212 (refusing to read a general choice-of-law provision as electing state law precluding arbitration of punitive damages claims; the choice-of-law clause, read together with the arbitration provision, did not unequivocally exclude punitive damages claims; the two provisions were best harmonized by reading "the laws of the State of New York" as encompassing the substantive principles applied by state courts, but not special rules limiting the authority of arbitrators); Volt Information Sciences v. Leland Stanford, Jr. Univ., 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989) (upholding a California court's construction of a choice-of-law clause as electing a state arbitration statute allowing a stay of arbitration).

18. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271 (Tex.1992).