IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00025-CV

 

In
re Olshan Foundation Repair Company of Dallas, LLC d/b/a Olshan Foundation
Repair Company

 

 



Original Proceeding

 



OpinioN



 

Jason and Jacqueline Seay sued Olshan
Foundation Repair Company of Dallas for breach of warranty, DTPA violations,
and negligence arising out of foundation repairs made by Olshan.  After the
trial court denied Olshan’s motion to compel arbitration, Olshan now petitions
us for a writ of mandamus,[1]
citing the Federal Arbitration Act (FAA) and providing an evidentiary affidavit
in support of the FAA’s applicability.  9 U.S.C.A. §§ 1-16 (West 1999). 
Because Olshan admittedly (Relator’s Petition at p. 20) did not invoke the FAA
or raise its applicability in the trial court,[2]
we deny the petition regarding Olshan’s arbitration motion.  See In
re Neatherlin Homes, Inc., 160 S.W.3d 82, 83 (Tex. App.—Waco 2004, orig.
proceeding) (citing In re L & L Kempwood Assoc., L.P., 9 S.W.3d 125,
127 (Tex. 1999) (invoking the FAA), and In re American Optical Corp.,
988 S.W.2d 711, 714 (Tex. 1998) (raising argument in trial court)).

            Olshan also asked the trial
court to dismiss the Seays’ claims under the Residential Construction Liability
Act (RCLA) because the Seays allegedly failed to give Olshan proper pre-suit
notice.  See Tex. Prop. Code Ann. 
§§ 27.001 - .007 (Vernon Supp. 2005).  The trial court also denied that motion,
and Olshan seeks mandamus on that ruling.  The Seays point out:  (1) neither
the current RCLA nor its predecessor creates a cause of action that must be
pled; (2) Olshan received adequate pre-suit notice from the Seays; (3)
abatement, not dismissal, would be the proper remedy under RCLA; and (4)
Respondent properly found that the pre-suit notice warranted denial of Olshan’s
motion to dismiss.  We agree with the Seays; thus, we deny the petition seeking
to require Respondent to dismiss the underlying suit.

            For the above reasons, we
deny Olshan’s petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray dissenting)

            (Justice
Vance concurring)

Petition
denied

Opinion
delivered and filed June 21, 2006

[OT06]









[1]               The Texas Arbitration
Act provides for an interlocutory appeal of the denial of a motion to compel arbitration. 
Tex. Civ. Prac. & Rem. Code Ann.
§ 171.098 (Vernon 2005).  However, “[a] party denied the right to arbitrate
under the Federal Arbitration Act by a state court has no adequate remedy by
appeal and is entitled to mandamus relief to correct a clear abuse of
discretion.”  In re L & L Kempwood Assoc., L.P., 9 S.W.3d 125, 128 (Tex. 1999) (orig. proceeding).

                Olshan filed a direct interlocutory appeal
of the trial court’s denial of its motion, but Olshan voluntarily agreed to its
dismissal.  See Olshan Foundation Repair Co. of Dallas, LLC v. Seay, No.
10-06-00010-CV, 2006 WL 727758, at *1, 2006 Tex. App. LEXIS 2202, at *1 (Tex.
App.—Waco Mar. 22, 2006, no pet.) (mem. op.).

 





[2]               Olshan is correct that
we may receive affidavits to ascertain matters of fact relevant to
jurisdiction.  See Tex. Gov’t
Code Ann. § 22.220(c) (Vernon 2004); see, e.g., Jones v.
Griege, 803 S.W.2d 486, 488 (Tex. App.—Dallas 1991, no writ).  But that is
not what Olshan is attempting to do.  Olshan’s FAA argument raises a substantive
legal theory (arbitrability under federal law) with supporting evidence that
should have been, but was not, presented to the trial court.  “We do not consider arguments in a petition for writ of
mandamus which were not presented to the trial court.”  In re Chu, 134 S.W.3d 459, 463 (Tex. App.—Waco 2005, orig. proceeding) (Gray, C.J.) (citing In
re American Optical Corp., 988 S.W.2d 711, 714 (Tex. 1998) (orig.
proceeding)).  Notably, the dissent ignores this well-established principle in
mandamus practice.