Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed November 8, 2007








 

Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed
November 8, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00764-CV

____________

 

IN RE STUDIO 8 FLOORS & WALLS, INC., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this
original proceeding, relator asks this Court to compel the
Honorable Roberta A. Lloyd, presiding judge of Harris County Civil Court at Law
No. 4 to (1) vacate the August 8, 2007, order denying relator=s motion to compel arbitration in
trial court cause number 888,319 styled Dolores Mora v. Studio 8 Floors
& Walls, Inc.; and (2) enter an order granting the motion and
compelling arbitration.  Relator claims the trial court abused its discretion
by denying relator=s motion and there is no adequate remedy by appeal.  We
conditionally grant the writ.








Mandamus
relief is available if the trial court abuses its discretion, either in
resolving factual issues or in determining legal principles when there is no
other adequate remedy by law.  Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992).  A trial court abuses its discretion if it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law, or if it clearly fails to correctly analyze or apply the law.  In re
Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005). 

The
underlying suit is for breach of a contract to install floor and wall tile in
the real party plaintiff=s kitchen.  The contract at issue contains the following
statement: 

Should
there be any disputes between the parties, client agrees on arbitration as a
means to resolve the conflict and will NOT resort to lawsuit for resolution.

Relator moved to compel
arbitration under the Federal Arbitration Act.  The trial court denied the
motion, and relator filed this proceeding.  On September 21, 2007, we ordered
all proceedings in the underlying action stayed pending our decision on relator=s petition.

Relief
from a denial of arbitration sought under the Federal Arbitration Act must be
pursued by mandamus.  EZ Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex.
1996).  AMandamus is proper to correct a clear
abuse of discretion when there is no adequate remedy by appeal, as when a party
is erroneously denied its contracted‑for arbitration rights under the
FAA.@  In re D. Wilson Constr. Co.,
196 S.W.3d 774, 780 (Tex. 2006).  A trial court has no discretion in
determining what the law is or applying the law to the facts.  Walker,
827 S.W.2d at 840. 

Federal
and state law strongly favor arbitration.  Jack B. Anglin v. Tipps, 842
S.W.2d 266, 268 (Tex. 1992).  A presumption exists in favor of agreements to
arbitrate under the FAA, and courts must resolve any doubts about these
agreements in favor of arbitration.  Cantella & Co. v. Goodwin, 924
S.W.2d 943, 944 (Tex. 1996).








A party
seeking to compel arbitration by a writ of mandamus must (1) establish the
existence of a valid agreement to arbitrate under the FAA, and (2) show that
the claims in dispute are within the scope of the agreement.  In re Kellogg
Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005).  AWhether a valid arbitration agreement
exists is a legal question subject to de novo review.@  D. Wilson Constr. Co., 196
S.W.3d at 781.

Under
the FAA, absent unmistakable evidence that the parties intended the contrary,
it is the courts rather than arbitrators that must decide Agateway matters@ such as whether a valid arbitration
agreement exists.  In re Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex.
2005).  Claims must be brought on the contract (and arbitrated) if liability
arises solely from the contract or must be determined by reference to it.  Id.
at 132.

Although
an arbitration agreement does not have to assume any particular form, the
language of the agreement must clearly indicate the intent to arbitrate.  See
Massey v. Galvan, 822 S.W.2d 309, 316 (Tex. App.CHouston [14th Dist.] 1992, writ
denied).  The language in the arbitration agreement at issue is clear, and the
contract was signed by the real party.  The suit is for breach of contract;
therefore, the claims in dispute are clearly within the scope of the agreement.

The FAA
applies to all suits in state or federal court when the dispute concerns a Acontract evidencing a transaction
involving commerce.@  Jack B. Anglin Co., 842 S.W.2d at 269‑70.  The
FAA does not require a substantial effect on interstate commerce; it only
requires that commerce be involved or affected.  In re L & L Kempwood
Assocs., L.P., 9 S.W.3d 125, 127 (Tex. 1999) (orig. proceeding) (contract
for renovation work on Houston apartments to be done by Texas business for
Georgia owners involved interstate commerce).  Activities than can serve as
interstate commerce include transportation of materials across state lines or
manufacture of parts in a different state.  In re Big 8 Food Stores, Ltd.,
166 S.W.3d 869, 879 (Tex. App.CEl Paso 2005, orig. proceeding).  Purchasing goods and
services from outside Texas that are shipped to Texas establishes that a party
is engaged in interstate commerce.  In re Border Steel, Inc., 229 S.W.3d
825, 830-31 (Tex. App.CEl Paso 2007, orig. proceeding).  








Relator
furnished an affidavit from Linda Chou, the owner of Studio 8 Floors &
Walls, to the court below.  She averred, in part, that AStudio 8 is a small business based in
Texas.  Studio 8 use[d] tile and materials from China, Italy, and other locations
outside of Texas in performing its contract with Plaintiff.  Studio 8 also used
other materials such as grout and tools purchased at interstate companies such
as Home Depot and Lowes in performing its contract with Plaintiff.@  Thus, the contract involves
commerce.

We
conclude that relator established the existence of a valid agreement to
arbitrate under the FAA and the claims in dispute are within the scope of the
agreement.  Therefore, the trial court abused its discretion in denying relator=s motion to compel arbitration.

Accordingly,
we conditionally grant the petition for a writ of mandamus and direct the trial
court to vacate its August 8, 2007, order denying relator=s motion to compel arbitration and
enter an order compelling arbitration.  The writ will issue only if the trial
court fails to act in accordance with this opinion.

 

PER CURIAM

 

 

Petition Conditionally Granted and Memorandum Opinion
filed November 8, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.