Petition for Writ of Mandamus Conditionally Granted, Appeal Dismissed,
and Opinion filed August 5, 2008








 

 Petition
for Writ of Mandamus Conditionally Granted, Appeal Dismissed, and Opinion filed
August 5, 2008.

 

                                                                                                                                                            

                                                                                                                                                            

In The

Fourteenth Court of
Appeals

________________________

 

NO. 14-07-00450-CV

____________

 

CITIGROUP GLOBAL MARKETS, INC. AND
WILLIAM E. SELZER, Appellants

 

V.

 

BETH BROWN AND CHERYL KAPLAN,
ADMINISTRATORS OF THE ESTATE OF DAVID S. MANDELL, DECEASED, Appellees

 



On Appeal from Probate
Court Number Two

Harris County, Texas

Trial Court Cause No. 331,337-403



 

NO. 14-07-00718-CV

____________

 

IN RE CITIGROUP GLOBAL MARKETS, INC.
AND WILLIAM E. SELZER, Relators

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I O N








This mandamus
proceeding and interlocutory appeal arise out of a dispute between the
administrators of an estate and a brokerage firm.  The estate administrators,
who are the deceased=s daughters, sued the brokerage firm and
one of its consultants asserting various tort claims regarding an account that
the deceased=s son had established in his father=s name using a
power of attorney.  The brokerage firm defendants moved to compel arbitration
based on arbitration provisions in the father=s brokerage
agreement. They carried their initial burden of establishing the existence of
an arbitration agreement and showing that the administrators= claims fall
within the scope of the agreement.  However, the administrators asserted that
the father lacked mental capacity when he executed the power of attorney used
by his son to open the brokerage account and that therefore, his son lacked
authority to bind the father to the arbitration provision of the brokerage
agreement.  For reasons explained below, we conclude the administrators failed
to carry their burden of presenting evidence in support of this assertion;
therefore, we conditionally grant the requested mandamus relief and dismiss the
interlocutory appeal as moot.

I.  Factual and Procedural Background

Appellees/real
parties in interest Beth
Brown and Cheryl Kaplan (hereinafter the AAdministrators@) sued their brother Marc Mandell
claiming that after their father, David Mandell, suffered a massive stroke,
Marc had him sign a power of attorney in the hospital while David lacked the
mental capacity necessary to enter into a contract.  The Administrators 
alleged that Marc, using the power of attorney, then converted their father=s assets and wasted these assets by
speculative investments made through appellant Citigroup Global Markets, Inc.
(hereinafter ACitigroup@).  The Administrators asserted claims against their brother
for breach of fiduciary duty, negligence, conversion, and waste.  They also
sought an accounting and a declaratory judgment that the power of attorney he
held for their father was void ab initio because their father lacked the
requisite mental capacity necessary to enter into a contract when he signed the
power of attorney.  At first, the Administrators sued only Marc.  Later, they
added as defendants Citigroup and William E. Selzer, a financial consultant at
Citigroup who allegedly supervised the investments in question (hereinafter
collectively the ACitigroup Parties@).  The
Administrators asserted claims against the Citigroup Parties for breach of
fiduciary duty and negligence based on various alleged acts and omissions
relating to Marc=s investment of David=s funds using the
power of attorney. 








In February 2004,
the Citigroup Parties moved to compel arbitration of the claims asserted
against them based on a broad arbitration provision in David=s client agreement
with Citigroup (hereinafter AArbitration Provision@).  The agreement
was not signed by David but rather was signed by Marc as David=s agent based on
the power of attorney.  The
Administrators= claims against the Citigroup Parties fall within the scope of the
Arbitration Provision, and the Administrators have never argued otherwise. 
However, the Administrators opposed the motion to compel, asserting as a
defense that David lacked the requisite mental capacity necessary to enter into
a contract when he signed the power of attorney.  In support of this defense, the
Administrators argued that (1) Marc signed the client agreement as David=s agent based
solely on a power of attorney dated September 6, 1996; (2) when David signed
this power of attorney he lacked the requisite mental capacity necessary to
enter into a contract; (3) Marc lacked the authority to bind his father to the
client agreement; (4) if David lacked capacity, as alleged by the
Administrators, the arbitration provision would not be binding on David or the
Administrators; and (5) before deciding whether to compel arbitration, the
trial court should decide whether David had the mental capacity necessary to
execute the power of attorney (hereinafter Athe Capacity Issue@).  The Administrators
did not attach any evidence to their first response, but they requested a
continuance to conduct discovery on these issues.  








In September 2004,
the trial court held a hearing on the motion to compel arbitration.  The trial
court stated that (1) the court, rather than the arbitration panel, would
decide whether the power of attorney was valid and whether Marc bound David to
the arbitration provision in the client agreement; and (2) the proper way to
proceed was to sever the claims against the Citigroup Parties from the rest of
the case and then proceed with a trial on the declaratory-judgment issue as to
whether David was incapacitated when he signed the power of attorney.  The
trial court suggested that the parties file an agreed motion to sever.  The
Administrators= counsel indicated that he would agree to a severance,
but counsel for the Citigroup Parties did not agree to a severance.  The
parties did not file an agreed motion for severance as the trial court
suggested; rather, in November 2004, the Citigroup Parties filed a motion
stating that, at the September 2004, hearing, the trial court had granted their
motion to compel arbitration and had ordered the claims against them severed into
a separate case.  The Citigroup Parties asserted that the trial court also had
ruled that all proceedings in the severed case should be stayed and that after
resolution of the Capacity Issue in the non-severed case, the claims in the
severed case would be submitted to arbitration.  The Citigroup Parties
requested an order memorializing these rulings.  The Citigroup Parties did not
assert or agree that the arbitrability of the Administrators= claims against
them would be dependent on how the trial court ruled on the Capacity Issue.

In its December
2004 order, the trial court

!       granted the Citigroup
Parties= motion to compel arbitration,

 

!       severed all of the
Administrators= claims and allegations against the
Citigroup Parties into a separate case (hereinafter ASevered Case@),

 

!       stayed the entire Severed
Case pending arbitration, and 

 

!       ordered that the arbitration of the claims
against the Citigroup Parties would not begin until after the Administrators= claims against
Marc in the non-severed case had been finally adjudicated.  

The Administrators
filed a motion for reconsideration in which they stated that the trial court,
on its own motion, had severed their claims against the Citigroup Parties.  The
Administrators objected to the part of the trial court=s order in which
the trial court granted the motion to compel arbitration.  They also objected
insofar as the court did not make its order compelling arbitration contingent
on a determination that David had sufficient mental capacity to execute the
power of attorney.  The Administrators did not ask the trial court to undo its
severance.  The Administrators complained that the trial court prematurely had
compelled arbitration before they were able to obtain a ruling from the trial
court on their arbitration defense regarding the Capacity Issue.  The Citigroup
Parties opposed the motion for reconsideration, asserting that the trial court=s order correctly
reflected its rulings at the September 2004 hearing and that the trial court
correctly had determined that the claims against the Citigroup Parties had to
be arbitrated under the Arbitration Provision.  








After holding a
hearing on the motion for reconsideration, in a May 2005 order, the trial court

!         granted in part the Administrators= motion for reconsideration, 

 

!         vacated the trial court=s December 2004 order,

 

!         ordered that the Administrators= claims against Marc in the non-severed case initially
would proceed to trial only on the Capacity Issue, 

 

!         ordered that the claims against the Citigroup
Parties would remain in the Severed Case, 

 

!         transferred additional documents from the
file in the non-severed case to the file in the Severed Case, 

 

!         stayed the Severed Case pending the final
determination of the Capacity Issue, 

 

!         took the motion to compel arbitration under
advisement, rather than granting it, and

 

!         stated that the Citigroup Parties would have the right to
reurge their motion to compel arbitration after the Capacity Issue had been
finally determined.[1]

The Administrators= request for
declaratory relief regarding the Capacity Issue was set to be tried in the
non-severed case in December 2005.  Shortly before this trial setting, the
Administrators settled all of their claims against Marc, except their  action
for declaratory relief.  The trial court proceeded to trial solely on the claim
for declaratory relief in the non-severed case.  Only the Administrators= counsel
participated in the presentation of evidence and questioning of witnesses.  In
June 2006, the trial court rendered a final judgment in the non-severed case in
which it made various findings of fact and rendered a declaratory judgment
that, when David signed
the power of attorney, he lacked the mental capacity necessary to enter into a
contract.









In September 2006,
the Citigroup Parties filed a supplemental motion to compel arbitration,
arguing that the claims against them fall within the scope of the Arbitration
Provision and that David=s estate was bound by this provision
because Marc executed the client agreement as David=s agent under the
power of attorney.  The Citigroup Parties denied that Marc lacked sufficient
mental capacity to execute the power of attorney when he signed it.  The
Citigroup Parties asserted that, in any event, it was for the arbitration
panel, rather than the trial court, to decide the Administrators= defense regarding
the Capacity Issue.  In the alternative, the Citigroup Parties asserted that,
even if Marc=s signature did not bind David to the client
agreement, the Administrators still were estopped from avoiding arbitration of
their claims.  The Citigroup Parties reurged their original motion to compel,
as supplemented, and requested the trial court to compel the arbitration of all
the Administrators= claims against them.  

The Administrators
opposed arbitration and argued that the trial court, rather than the
arbitration panel, should decide the Capacity Issue.  The Administrators did
not  present any evidence; instead, they asserted that the trial court already
had resolved the Capacity Issue in their favor through its final judgment in
the non-severed case.  The Administrators asserted that, based on this prior
determination of the Capacity Issue, the trial court should deny the motions to
compel.   After a hearing during which no evidence was presented, the trial
court signed an order denying both the original and supplemental motions to
compel arbitration.

The Citigroup
Parties have appealed
the trial court=s order denying arbitration under section 171.098(a)(1) of
the Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a)(1)
(Vernon 2005).  Additionally,
the Citigroup Parties have filed a petition for writ of mandamus.  This court
has consolidated these two proceedings.








                                                    II. 
Standard of Review

The Federal
Arbitration Act (AFederal Act@) applies to an
arbitration agreement in any contract involving interstate commerce, to the full
extent of the Commerce Clause of the United States Constitution.  See 9
U. S. C. ' 2 (1999); Allied-Bruce Terminix Co. v. Dobson,
513 U.S. 265, 277B81, 115 S. Ct. 834, 839B41, 130 L. Ed. 2d
753 (1995); In re L&L Kempwood Assocs., 9 S.W.3d 125, 127 (Tex.
2006).  The Administrators do not dispute that the Federal Act applies.  The
client agreement involves the trading of securities and interstate commerce,
and therefore, the Federal Act applies. See
American Med. Techs. v. Miller, 149 S.W.3d 265, 269 (Tex. App.CHouston [14th Dist.] 2004, orig.
proceeding) (consolidated appeal and mandamus proceeding).  Mandamus relief is
available when the trial court clearly abuses its discretion by erroneously
denying a party its contracted‑for arbitration rights under the Federal
Act.  See In re D. Wilson Const. Co., 196 S.W.3d 774, 780B81 (Tex. 2006) (orig. proceeding); In
re Aspen Tech., Inc., 253 S.W.3d 857, 861 (Tex. App.CHouston [14th Dist.] 2008, orig.
proceeding).  Therefore, the Citigroup Parties= right to mandamus relief hinges on
whether the trial court erred by refusing to compel arbitration under the
Arbitration Provision.  On mandamus review of factual issues, a trial court will be
held to have abused its discretion only if the party requesting mandamus relief
establishes that the trial court reasonably could have reached only one
decision, and not the decision the trial court made.  Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  Mandamus review of issues of law is
less deferential.  A trial court abuses its discretion if it clearly fails to
analyze the law correctly or apply the law to the facts.  In re Cerberus
Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).

                                         III.  Issues and
Analysis








In the trial court
and on appeal, the Citigroup Parties have argued that, because the  Capacity
Issue, if decided in the Administrators= favor, would
vitiate the entire client agreement rather than the Arbitration Provision
alone, this issue must be resolved by the arbitration panel rather than the
trial court.  The Administrators have argued, and the trial court agreed, that
the trial court must decide the Capacity Issue before it can compel
arbitration.  For the purposes of our analysis we presume, without deciding,
that the trial court, rather than the arbitration panel, must decide the
Capacity Issue.

Did the trial
court err by concluding that the deceased=s son lacked
authority to execute the client agreement on his father=s behalf because
his father lacked the mental capacity necessary to enter into a contract when
his father signed the power of attorney?

The Citigroup
Parties argue that this court should grant mandamus relief because the trial
court abused its discretion in denying their motions to compel arbitration
based on the declaratory judgment in the non-severed case.  Under both the
Texas Arbitration Act (hereinafter ATexas Act@) and the Federal
Act, a party seeking to compel arbitration has the initial burden to establish
the existence of an arbitration agreement and to show that the claims asserted
fall within the agreement=s scope.[2] 
See 9 U.S.C. ' 4 (1999); Tex. Civ. Prac. & Rem. Code Ann. ' 171.021 (Vernon
2005);  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001); In
re Jim Walters Homes, Inc., 207 S.W.3d 888, 896B97 (Tex. App.CHouston [14th
Dist.] 2006, orig. proceeding);  Wachovia Securities, LLC v. Emery, 186
S.W.3d 107, 113 (Tex. App.CHouston [1st Dist.] 2005, orig.
proceeding) (consolidated appeal and mandamus proceeding).  The Citigroup
Parties attached to their motion to compel an affidavit proving up the client
agreement in question and stating that Marc entered into this agreement on
behalf of David using the power of attorney.[3] 
The client agreement reflects that David was the account holder and that Marc
signed the agreement on David=s behalf using a power of attorney.  This
client agreement contains the Arbitration Provision, which is an agreement to
arbitrate covered by the Federal Act.  








Under the
unambiguous language of the Arbitration Provision, the Administrators= claims fall
squarely within the scope of this provision, and the Administrators have not
argued otherwise.  Because the Citigroup Parties carried their initial burden
of establishing the existence of an arbitration agreement and showing that the
Administrators= claims against them fall within the agreement=s scope, the
burden then shifted to the Administrators, as the parties resisting
arbitration, to present evidence on their defense based on the Capacity Issue. 
See In re FirstMerit Bank, N.A., 52 S.W.3d at 753B54 (stating that,
once party seeking to compel arbitration shows existence of arbitration
agreement covering the claims in question, the party opposing arbitration must
prove a defense to avoid arbitration);  In re Jim Walters Homes, Inc.,
207 S.W.3d at 896B98 (stating that, once party moving to
compel arbitration submitted affidavit proving up executed contract containing
arbitration clause covering the claims in question, the party opposing
arbitration, to avoid arbitration, must respond with evidence controverting the
movant=s evidence or
proving a defense to  arbitration); Wachovia Securities, LLC, 186 S.W.3d
at 113 (stating that, if a party seeking arbitration carries its initial burden
of establishing the existence of an arbitration agreement covering the claims
in question, then burden shifts to party resisting arbitration to present
evidence proving a defense to arbitration); see also T&R Enters.,
Inc. v. Continental Grain Co., 613 F.2d 1272, 1278 (5th Cir. 1980)
(concluding that a party must unequivocally deny that the agreement was made
and must produce evidence to substantiate the denial in order to raise an
issue  regarding formation of the arbitration agreement under section 4 of the
Federal Act).  








The
Administrators, however, submitted no evidence whatsoever in opposition to the
Citigroup Parties= motions to compel arbitration.[4] 
Though the Administrators pleaded that Marc lacked authority to execute the
client agreement on David=s behalf because David allegedly lacked
the mental capacity necessary to enter into a contract when he signed the power
of attorney, the Administrators presented no evidence in support of this
allegation to the trial court in the proceedings regarding the Citigroup Parties= motions to
compel.  In their response to the motions to compel arbitration, the
Administrators relied on the trial court=s final
declaratory judgment in the non-severed case.  Nonetheless, the Administrators
did not attach a copy of this judgment to their response, nor did they ask the
trial court to take judicial notice of this judgment or otherwise undertake to
discharge their burden to present evidence of their defense based on the
Capacity Issue.  In any event, even if the Administrators had proffered this
judgment, it would not have been material to the issue at hand because that
judgment did not resolve the Capacity Issue as to any persons who were not
parties in the non-severed case.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 37.006(a) (Vernon
2005) (stating that a trial court=s declaratory
judgment does not prejudice the rights of persons who are not parties); Brooks
v. Northglen Ass=n, 141 S.W.3d 158, 162B63 (Tex. 2004)
(stating that failure to join all interested parties in declaratory-judgment
action does not deprive the trial court of jurisdiction to grant declaratory
relief but that, under section 37.006, the declaratory judgment does not bind
nonparties).  Though the Administrators acknowledge the Citigroup Parties were
not parties to the non-severed case, they nonetheless argue that the Citigroup
Parties are bound by the trial court=s declaratory
judgment because the Citigroup Parties did not intervene in the non-severed
case. 








In
declaratory-judgment actions, the party seeking declaratory relief must join in
the action all parties that it seeks to bind by the declaratory judgment.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 37.006(a);  Brooks,
141 S.W.3d at 162B63.  The Administrators agreed to the
trial court=s severance of the claims against the Citigroup
Parties out of the declaratory-judgment action and into a separate case and
chose not to join the Citigroup Parties as parties for the trial and judgment
in that action.  Consequently, the declaratory judgment is not binding on the
Citigroup Parties.[5] 
See Tex. Civ. Prac. & Rem.
Code Ann. ' 37.006(a);  Brooks, 141 S.W.3d at
162B63.   

Based on the
uncontroverted evidence, the trial court was presented with an arbitration
agreement under the Federal Act that encompasses the Administrators= claims against
the Citigroup Parties.  However, the Administrators did not produce any
evidence supporting their allegations regarding the Capacity issue.  Therefore,
the trial court erred by impliedly ruling that Marc did not have authority to
execute the client agreement on David=s behalf because
David lacked the mental capacity necessary to enter into a contract when he
signed the power of attorney.  See In re FirstMerit Bank, N.A.,
52 S.W.3d at 754;  In re Jim Walters Homes, Inc., 207 S.W.3d at 896B900; Wachovia
Securities, LLC, 186 S.W.3d at 113B16.  Under the
applicable standard of review, we conclude that the Citigroup Parties have
shown that the trial court clearly abused its discretion by denying the
Citigroup Parties= motions to compel arbitration.[6] 
Therefore, mandamus relief is warranted.

                                                 IV. 
Conclusion








The Federal Act governs the Arbitration Provision.  The
Citigroup Parties carried their initial burden of establishing the existence of
an arbitration agreement and showing that the Administrators= claims against
them fall within the scope of the agreement.  Therefore, the burden shifted to
the Administrators to present evidence on their defense based on the Capacity
Issue.  Because the Administrators presented no evidence to discharge this
burden, the trial court clearly abused its discretion by impliedly determining
that Marc lacked authority to execute the client agreement and by denying the motions
to compel arbitration.  The Administrators cannot rely on the declaratory
judgment in the non-severed case because the Citigroup Parties were not parties
to that judgment and are not bound by it.  Accordingly, we conditionally grant
a writ of mandamus directing the trial court to vacate its  May 3, 2007 order
denying the Citigroup Parties= motion to compel arbitration and their
supplemental motion to compel arbitration and to issue an order compelling
arbitration of the Administrators= claims against
the Citigroup Parties pursuant to the Arbitration Provision.  We are confident
the respected trial judge will comply with this opinion.  Only in the unlikely
event he fails to do so will the writ issue.  Because we have granted this
mandamus relief, we dismiss the Citigroup Parties= interlocutory
appeal as moot.

 

 

 

/s/      Kem Thompson
Frost

Justice

 

Petition for Writ of Mandamus
Conditionally Granted, Appeal Dismissed, and Opinion filed August 5, 2008.

 

Panel consists of
Justices Fowler, Frost, and Seymore.









[1]  Counsel for the Citigroup Parties agreed to the form
of the order but did not agree to its substance.





[2]  As stated above, the arbitration agreement in this
case is subject to the Federal Act.  Nonetheless, we still apply Texas law to
resolve procedural issues.  See Southland Corp. v. Keating, 465 U.S.
1,16, 104 SW. Ct. 852, 861, 79 L. Ed. 2d 1 (1984); Jack B. Anglin, Inc. v.
Tipps, 842 S.W.2d 266, 268 (Tex. 1992).





[3]  In their briefing in this court, the Administrators
state that Marc clearly signed the client agreement  as David=s purported agent based on Marc=s purported authority under the power of attorney.





[4]  At oral argument, counsel for the Administrators
suggested that they satisfied this burden of production by submitting evidence
in the non-severed case in opposition to Marc=s motion for summary judgment.  Because this evidence was not filed in
the Severed Case and because it was not filed in response to the Citigroup
Parties= motions to compel, the Administrators cannot rely on
this evidence to discharge their burden of presenting evidence regarding the
motions to compel arbitration.   





[5]  The Administrators do not analyze section 37.006 of
the Texas Civil Practice and Remedies Code, and they cite no authority that
supports their assertion that the Citigroup Parties are bound by the
declaratory judgment based on their failure to intervene.  In addition, the
Administrators did not plead or seek to prove that the declaratory judgment
binds the Citigroup Parties under the doctrines of claim preclusion or issue
preclusion; however, even if they had, they would not have succeeded.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 37.006(a); Brooks, 141 S.W.3d at 162B63.  The Administrators also assert that, because the
Citigroup Parties were not parties in the non-severed case, they lack standing
to challenge the declaratory judgment and may not collaterally attack it. 
However, the Citigroup Parties do not challenge, attack, or seek to set aside
this declaratory judgment; rather, they assert that it does not bind them.  





[6]  Because of this disposition, we need not and do not
address the Citigroup Parties= alternative
argument based on estoppel.