# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00334-CV

**In re Danilo Becerra**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

In relator Danilo Becerra's petition for writ of mandamus, he seeks to compel the trial court to vacate a discovery order dated June 5, 2009, and an order denying his motion to compel arbitration. Becerra further requests that we direct the trial court to enter an order compelling arbitration of all claims of the real party in interest and staying the litigation pending the outcome of arbitration.

Because Becerra sought to compel arbitration pursuant to the Texas General Arbitration Act (TAA), Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001-.098 (West 2005), the appropriate vehicle for relief is by interlocutory appeal, rather than mandamus. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (relief from trial court's denial of motion to compel arbitration under TAA must be sought by interlocutory appeal, while relief from denial of motion to compel under Federal Arbitration Act (FAA) must be sought by petition for writ of mandamus); *see also* 9 U.S.C.A. §§ 1-16 (West 2009).[1]

---

[1] The supreme court held in *Tipps* that "litigants who allege entitlement to arbitration under the Federal Act, and in the alternative, under the Texas Act, are burdened with the need to pursue parallel proceedings—an interlocutory appeal of the trial court's denial under the Texas Act, and a writ of mandamus from the denial under the Federal Act." *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992).

The arbitration agreement between Becerra and the real party in interest, Oasis Legal Finance, LLC, does not expressly invoke either the TAA or the FAA.[2] Where, as here, an arbitration agreement does not specify whether the FAA or the TAA applies, but states that it is governed by the laws of Texas, both the FAA and the TAA apply unless the agreement specifically excludes federal law. *See In re L&L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127-28 (Tex. 1999). However, Becerra's motion to compel specifically seeks arbitration "under Chapter 171 of the Texas Civil Practice and Remedies Code," or the TAA. Becerra cites the TAA three separate times in his motion to compel, but does not indicate that he also seeks to compel arbitration under the FAA.

Where a party's motion seeks to compel arbitration solely under the TAA, the trial court's order denying that motion cannot be considered subject to mandamus relief as a refusal to compel arbitration under the FAA. *See ODL Servs., Inc. v. ConocoPhillips Co.*, 264 S.W.3d 399, 410-11 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In *ODL Services*, the court held that even though both the FAA and the TAA applied to the agreement, the appellant "invoked only the FAA to enforce the alleged arbitration agreement," and therefore the appellant's only available avenue for relief was by petition for writ of mandamus. *Id.* at 411. The converse is true in the present case. While it appears that both the TAA and the FAA are applicable to the parties' arbitration agreement, Becerra only sought to compel arbitration under the TAA. Therefore, the trial court's order denying Becerra's motion is not subject to mandamus relief as a refusal to compel arbitration under the FAA. Because Becerra has an adequate remedy on appeal in the form of an interlocutory appeal under

---

[2] There are a number of other parties in the underlying litigation, but Becerra and Oasis are the only litigants involved in this original proceeding.

the TAA, *see* Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1), he is not eligible for mandamus relief. Accordingly, Becerra's petition is denied.[3]

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed:   July 15, 2009

---

[3] Additionally, we dissolve the temporary stay of the trial court's order signed June 5, 2009, imposed by order of this Court on June 17, 2009.