

# NUMBER 13-23-00520-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**COREY CONSTRUCTION GP, LLC F/K/A
H & S BUILDING MATERIAL, LP D/B/A
H & S SHEETMETAL, AND H & S ROOFING,** Appellants,

**v.**

**PASSCO COMPANIES, LLC, PASSCO
MANAGEMENT SERVICES, LP, PASSCO
TRIBUTE DST, PASSCO TRIBUTE, LLC,
PASSCO TRIBUTE MT, LLC, CONTINENTAL
REAL ESTATE COMPANIES D/B/A
CONTINENTAL BUILDING SYSTEMS, AND
CONTINENTAL SAN ANTONIO, LLC,** Appellees.

---

## ON APPEAL FROM THE 73RD DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

---

# MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Tijerina and Peña
## Memorandum Opinion by Chief Justice Contreras

This is an appeal of an order partially lifting a stay and allowing discovery to proceed in litigation, despite ongoing arbitration proceedings involving common issues and parties. Appellants Corey Construction GP, LLC f/k/a H & S Building Material, LP d/b/a H & S Sheetmetal, and H & S Roofing (collectively H&S) contend by three issues that the trial court erred by partially lifting the stay. We reverse and remand.[1]

## I.   BACKGROUND

The underlying suit concerns alleged construction defects at the "Tribute at the Rim" apartment complex in San Antonio, which was built in 2015. In March of 2022, the property owner, appellee Passco Companies, LLC (Passco)[2] sued various parties, including the general contractor on the project, appellee Continental Real Estate Companies d/b/a Continental Building Systems (Continental). Passco claimed in its suit that it discovered "systemic water penetration issues" including leaks and building code violations on the property. As a result, according to Passco, "[t]he majority, if not all, [of] the balconies, walkways, stucco areas, and adhered stone areas" in the apartment complex "will require some type of remediation." Passco asserted that Continental breached its contractual obligations to perform all work in a "good and workmanlike manner" and to comply with all legal requirements applicable to its work. Passco further

---

[1] This appeal was transferred from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] The petition also named the following affiliated entities as plaintiffs: Passco Management Services, LP; Passco Tribute DST; Passco Tribute, LLC; and Passco Tribute MT, LLC. We refer to all plaintiffs collectively as "Passco."

alleged that the property's previous owner, Rim WP Apts, LLC (Rim), and the firm contracted to manage the property, Kairoi Management LLC d/b/a Kairoi Residential (Kairoi), committed fraud in connection with Rim's 2019 sale of the property to Passco. Finally, it alleged that Continental, Rim, and Kairoi "are related to, and alter-egos of, each other concerning the construction, design, ownership, management and/or sale" of the property and that they conspired to defraud Passco.

In July of 2022, Continental filed a third-party petition seeking contribution and indemnity from four subcontractors which had worked on the project, including H&S. Continental alleged the subcontractors breached their subcontracts and were responsible for any defects. H&S answered with a general denial.

Subsequently, Passco filed a "Motion to Compel Arbitration and Stay Proceedings," arguing that its claims against Continental were covered by a clause in the original construction contract between Rim and Continental which generally required the parties to arbitrate "all claims or disputes arising under the agreement." Passco argued that it was entitled to enforce the arbitration clause as Rim's successor-in-interest. It further argued that Continental's third-party claims should also be ordered to arbitration because, even though the subcontracts did not contain arbitration clauses, "the subcontracts are required to be in accordance with the Construction Contract."

After two hearings, the trial court rendered an order on December 23, 2022: (1) granting Passco's motion to compel arbitration "as to [Continental] only"; (2) directing that "the dispute between [Passco] and [Continental]" be submitted to arbitration; and (3) staying "all proceedings in this matter . . . pending the outcome of the arbitration between the aforementioned parties." The court thus denied Passco's request to compel

3

Continental's third-party claims to arbitration.

On September 23, 2023, Passco filed a "Motion to Lift Stay as To Certain Claims Only," seeking to "lift the stay on the Construction Defect Issues that are not presently pending in arbitration," but to "have the stay remain as to all remaining claims, including all claims related to the Fraud & Conspiracy Issues" raised in its petition. The motion noted that "[Continental's] third-party claims all relate to the Construction Defect Issues" and that three of the four subcontractors named as third-party defendants—all but H&S— had already voluntarily joined in the arbitration proceeding involving Passco and Continental. Passco argued that the arbitration and Continental's third-party claims "concern[] the exact same issues (the construction defects at the Project) and should be consolidated into one case—but cannot be because of the arbitration clause in the Construction Contract but not in the subcontracts." Thus, Passco sought "to have the stay lifted on the Construction Defect Issues in this case that are not being pursued in the Arbitration so that the claims can run parallel to the Construction Defect Issues in the Arbitration." Passco contended that "[h]aving the two proceedings that involve exactly the same claims and issues run concurrently will greatly promote efficiency and justice, and will allow all parties to avoid prejudice." Passco further argued that "the Construction Defect Issues essentially are a precursor to the Fraud & Conspiracy Issues portion of the case, so they need to be resolved prior to [Passco] proceeding with [its] Fraud & Conspiracy claims." Continental joined in Passco's motion and further requested that the court "bifurcate the Construction Defect Issues and Fraud & Conspiracy Issues in this matter . . . and/or order a severance."

4

H&S filed a response to the motion agreeing that the arbitration involves the "same facts" as Continental's third-party claims, but arguing that the stay should remain in place over those claims because (1) H&S was a "signatory" to the underlying construction contract, (2) "deciding an issue in this matter would undoubtedly have a critical impact on the arbitration," and (3) lifting the stay "would undoubtedly lead to a number of due process issues."

After a hearing on October 2, 2023, the trial court rendered an order granting Passco's motion to lift stay in part and denying it in part. The order provided specifically that the stay is lifted only as to Continental's third-party claims against H&S "for the purpose of conducting and coordinating discovery between the parties in this cause and [the arbitration proceeding]." The court further ordered "that [Continental] and H&S shall, to the extent possible, coordinate discovery in this matter with the discovery proceeding in the Arbitration for purposes of judicial efficiency."

This interlocutory appeal followed.

## II.    APPELLATE JURISDICTION

On March 26, 2024, we abated the appeal and directed the parties to file supplemental briefs addressing whether we have jurisdiction over the appeal. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020) ("[W]e have an obligation to examine our jurisdiction any time it is in doubt . . . ."). We specifically requested the parties to brief the issue of whether the Texas Arbitration Act (TAA) or Federal Arbitration Act (FAA) applies to this case and whether the trial court's October 26, 2023 order is subject to interlocutory appeal under the applicable law. The parties filed supplemental briefs in accordance with our request.

5

Unless an interlocutory appeal is authorized by statute, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In cases to which the FAA applies, an interlocutory appeal may be taken from an order refusing or lifting a stay. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 ("In a matter subject to the [FAA], a person may take an appeal . . . from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. [§] 16."); 9 U.S.C.A. § 16(a)(1)(A) (providing that an appeal may be taken from an interlocutory order "refusing a stay of any action under [§] 3"); 9 U.S.C.A. § 3 (providing that a trial court, "upon being satisfied that the issue involved in [a] suit or proceeding is referable to arbitration," shall "stay the trial of the action until such arbitration has been had").[3] However, in cases subject only to the TAA, an order denying or lifting a stay is not subject to interlocutory appeal. *In re Devon Energy Corp.*, 332 S.W.3d 543, 547 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) ("The TAA does not provide for interlocutory appeal on a denial of a motion to stay litigation."); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a) ("A party may appeal a judgment or decree entered under this chapter or an order: (1) denying an application to compel arbitration made under [§] 171.021; (2) granting an application to stay arbitration made under [§] 171.023; (3) confirming or denying confirmation of an award; (4) modifying or correcting an award; or (5) vacating an award without directing a rehearing.").

---

[3] An order lifting a previously-imposed stay is considered an order "refusing a stay" for purposes of the FAA. *Pre-Paid Legal Servs. v. Cahill*, 786 F.3d 1287, 1291 (10th Cir. 2015); *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 414 (7th Cir. 2014); *Vets Securing Am., Inc. v. Smith*, 632 S.W.3d 272, 278 (Tex. App.—Corpus Christi–Edinburg 2021, pet. denied).

The FAA applies to "all suits in state and federal court when the dispute concerns a 'contract evidencing a transaction involving commerce.'" *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269–70 (Tex. 1992) (quoting 9 U.S.C. § 2); *see Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995). In this context, "commerce" means "interstate commerce." 9 U.S.C.A. § 1. With certain exceptions not applicable here, the TAA applies to any "written agreement to arbitrate . . . if the agreement is to arbitrate a controversy" that "exists at the time of the agreement" or "arises between the parties after the date of the agreement." TEX. CIV. PRAC. & REM. CODE ANN. § 171.001(a).

"The TAA and the FAA may both be applicable to an agreement, absent the parties' choice of one or the other." *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 n.64 (Tex. 2011). If both statutes apply, the TAA "is preempted 'to the extent that it actually conflicts with [the FAA]—that is, to the extent that it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* at 97–98 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989)); *see Moody Nat'l Grapevine MT, LP v. TIC Grapevine 2, LP*, 651 S.W.3d 450, 455 (Tex. App.—Houston [14th Dist.] 2022, pet. denied) ("If an arbitration agreement does not specify whether the FAA or the TAA applies, but states that it is governed by the laws of Texas, both the FAA and the TAA apply unless the agreement specifically excludes federal law.").

The construction contract which contains the arbitration clause at issue does not specify whether the FAA or TAA applies, and it does not generally state whether it is governed by federal or Texas law. H&S argues in its supplemental brief that the contractual language "evidences that the parties intended that their relationship would

7

involve interstate commerce." It notes that the arbitration clause specifically states that "the parties may use all methods of discovery available under the Federal Rules of Civil Procedure and shall be governed thereby" and that "[t]he Federal Rules of Evidence shall be applied by the arbitrator." Further, H&S notes that Rim, "a Delaware entity," was required under the contract to pay Continental "across state lines" since Continental is an "Ohio and Pennsylvania entity." Passco similarly argues in its supplemental brief (in which Continental joined) that the FAA applies because the contract contemplates "a party from another state . . . construct[ing] a project in Texas." *See In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127 (Tex. 1999) (orig. proceeding) (concluding that the FAA applied because "[t]he parties to the contract . . . reside in different states—Georgia and Texas— and the renovation work on Houston apartments was to be done by a Texas business for Georgia owners").

In light of the parties' agreement, we conclude that both statutes apply and that we therefore have jurisdiction over this interlocutory appeal. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d at 97 n.64; *see also Moody Nat'l Grapevine MT*, 651 S.W.3d at 455.

### III.    DISCUSSION

H&S argues by its three issues that the court erred by partially lifting the stay because: (1) the parties "properly contracted for a stay," (2) Continental's third-party claims against H&S "involve[] the same issues and the same claims" as the arbitration, and (3) the order "infringes on [H&S's] right to full and fair discovery." We consider the issues together.

### A.    Applicable Law and Standard of Review

The FAA states that a trial court, upon a party's motion, must "stay the trial of the

8

action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C.A. § 3. Similarly, the TAA states that "the court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter." TEX. CIV. PRAC. & REM. CODE ANN. § 171.025(a); *see id.* § 171.025(b) ("The stay applies only to the issue subject to arbitration if that issue is severable from the remainder of the proceeding."); *id.* § 171.174 ("On request of a party, a court in which a pending judicial proceeding is being brought by a party to an arbitration agreement to obtain relief with respect to a matter covered by the arbitration agreement shall: (1) stay the judicial proceeding; and (2) refer the parties to arbitration."). "Once the trial court concludes that the arbitration agreement encompasses the claims, and that the party opposing arbitration has failed to prove its defenses, the trial court has no discretion but to compel arbitration and stay its own proceedings." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001) (orig. proceeding).

Generally, the mandatory stay applies only to the signatories to the arbitration agreement. *In re Devon Energy Corp.*, 332 S.W.3d at 548 (citing *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 540 (5th Cir. 2001) (per curiam)). However, the mandatory stay will apply to a non-signatory if (1) the arbitrated and litigated disputes involve the same operative facts, (2) the claims asserted in the arbitration and litigation are "inherently inseparable," and (3) the litigation has a "critical impact" on the arbitration. *Id.* (citing *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004)); *see also Cardinal Senior Care, LLC v. Bradwell*, No. 04-21-00557-CV, 2022 WL 17660268, at *5 (Tex. App.—San Antonio Dec. 14, 2022, no pet.) (mem. op.) (same); *HEB Grocery*

9

*Co. v. Del Cid*, No. 04-19-00058-CV, 2019 WL 3432087, at \*2 (Tex. App.—San Antonio July 31, 2019, no pet.) (mem. op.) (same).

We review a trial court's decision on whether to grant or lift a mandatory arbitration stay for abuse of discretion. *See Big Bass Towing Co. v. Akin*, 409 S.W.3d 835, 838 (Tex. App.—Dallas 2013, no pet.); *ReadyOne Indus., Inc. v. Lopez*, 551 S.W.3d 305, 310 (Tex. App.—El Paso 2018, pet. denied). A court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (plurality op.).

## B.    Analysis

H&S argues that the claims before the trial court involve "the same operative facts" as the arbitration—"i.e.[,] what issues caused the construction defects on the project."[4] It further contends that "conducting litigation parallel with the arbitration proceeding will undoubtedly critically impact parties to the litigation and the arbitration" because "[H&S] cannot meaningfully participate in the arbitration process and/or discovery in that proceeding, nor can the parties to arbitration participate in the litigation process." It suggests that "neither the parties to the arbitration process nor the litigation process are bound by discovery orders of the other—meaning that neither can compel discovery from the remaining parties that aren't subject to either the Court's or Arbitrator's jurisdiction."

Appellees do not dispute that the claims referred to arbitration involve the "same operative facts" as Continental's third-party claims against H&S or that they are

---

[4] H&S states elsewhere in its brief that the mandatory stay applies to it because "[it] is a signatory to the arbitration agreement." The record reflects that H&S was not a signatory to the underlying construction contract. It was a signatory to a subcontract, but the subcontract did not contain an arbitration clause.

"inherently inseparable" from those claims. *See In re Devon Energy Corp.*, 332 S.W.3d at 548. Indeed, appellees conceded in their motion to partially lift the stay that the "two proceedings . . . involve exactly the same claims and issues."

On appeal, Passco nevertheless asserts that the litigation would not have a "critical impact" on the arbitration because "Continental's claim against H&S is not derivative of or dependent on its claims against the other third-party defendants in any way." *Cf. Del Cid*, 2019 WL 3432087, at *1–3 (concluding that trial court erred in denying motion to stay litigation proceedings where litigated claim was derivative of and dependent on claim pending in arbitration). But appellees conceded in their motion that the "Construction Defect Issues" presented in Continental's third-party claims against H&S "essentially are a precursor" to Passco's fraud and conspiracy claims, which are pending in arbitration. Similarly, in its brief on appeal, Continental concedes that "the Construction Defect Claims are clearly a predicate to the Fraud & Conspiracy Claims, requiring resolution before Passco can proceed with the latter claims." Thus, the litigation has a "critical impact" on the arbitration. *See In re Devon Energy Corp.*, 332 S.W.3d at 548. Continental asserts that "[d]iscovery between Continental and H&S is essential to its defense against the Construction Defect Claims which will be conducted in the Arbitration" and that "[a] Joint Discovery Plan could easily ensure no duplication of efforts or expenses." However, there is no "Joint Discovery Plan" in the record, and appellees cite no authority establishing that a trial court may refuse or lift the mandatory arbitration stay to allow "essential" discovery, to avoid duplication of efforts or expenses, or for any other reason.

Because the arbitrated and litigated claims involve the same operative facts and are "inherently inseparable," and because the litigation would have a "critical impact" on

11

the arbitration, the mandatory stay applies to H&S as a non-signatory. *See id.* We therefore conclude the trial court abused its discretion by granting appellees' motion to partially lift the stay. H&S's issues are sustained.

## IV.   CONCLUSION

The trial court's October 26, 2023 order is reversed. We remand the cause with instructions to deny Passco's "Motion to Lift Stay as To Certain Claims Only" in its entirety, and for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
25th day of July, 2024.

12